## WALKER v. HIRSCH COOPERAGE CO.* (No. 287–3538.)

(Commission of Appeals of Texas, Section A. Jan. 22, 1922.)

1. **Appeal and error ⚌722(1)—New trial ⚌ 129—Refusal of several special issues properly incorporated one subdivision of motion for new trial, and each issue properly presented by separate assignment on appeal.**

Party did not violate any law or rule of practice by including the refusal of several issues in one subdivision of his motion for new trial, and the presentation of these assignments taken from the one subdivision of the motion as separate assignments of error on appeal was permissible, under Vernon's Sayles' Ann. Civ. St. 1914, art. 2020.

2. **Appeal and error ⚌722(1)—Appellant not confined to exact language of motion for new trial in his assignments of error; "shall."**

An appellant is not confined for his assignments of error to the exact language of his motion for a new trial, under Vernon's Sayles' Ann. Civ. St. 1914, art. 2020, as the word "shall" in such statute is to be construed in a permissive instead of an imperative sense.

[Ed. Note.—For other definitions. see Words and Phrases, First and Second Series, Shall.]

3. **Appeal and error ⚌553(1)—Indorsement of refusal on issues submitted renders bill of exceptions unnecessary.**

It is not necessary to preserve a technical bill of exceptions to the refusal of the trial

---

⚌For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Rehearing denied March 8, 1922.

court to submit issues requested, where the written issues are filed with the court and it indorses a refusal thereof, in view of Vernon's Ann. Civ. St. Supp. 1918, art. 1974; there being no distinction between a special charge and a special issue.

**4. Trial ☞350(6)—Special issues as to negligence of employer held improperly refused.**

In an action for injuries to an employee hurt when a bundle of iron hoops fell upon his foot off a truck, *held*, under the evidence and in view of findings made by the jury, that the court erred in refusing to submit special issues as to whether defendant's foreman was negligent in loading the truck, or in furnishing a defective truck, and whether plaintiff was injured in one or more of the ways set out in plaintiff's petition.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Action by James Walker against the Hirsch Cooperage Company. From a judgment of the Court of Civil Appeals (222 S. W. 1116), affirming a judgment for defendant, plaintiff brings error. Judgment reversed, and cause remanded for further trial.

Charles Murphy, of Houston, for plaintiff in error.

Fouts & Patterson and Baker, Botts, Parker & Garwood, all of Houston, for defendant in error.

RANDOLPH, J. This suit was filed by the plaintiff, Walker, against Hirsch Cooperage Company, defendant, in the district court of Harris county, to recover damages for personal injuries alleged to have been inflicted on the plaintiff by the negligence of the defendant and its foreman. The case was submitted to the jury by the court upon special issues, and judgment for defendant rendered on such issues and answers thereto. From this judgment the plaintiff appealed to the Court of Civil Appeals for the First District, and the case was from there transferred by the Supreme Court to the Court of Civil Appeals for the Ninth District, and that court affirmed the case, 222 S. W. 1116, and, writ of error having been granted, the case is now before us for consideration.

The only questions we can consider under the terms of the application are the questions arising from the failure and refusal of the Court of Civil Appeals to consider and sustain plaintiff's assignments of error 1, 2 and 3. The plaintiff based his claim for damages upon five different grounds of negligence on the part of defendant and its foreman, but the trial court submitted only one ground, whether or not the injury was inflicted by the foreman and another employee by the throwing of a bundle of iron hoops on a truck so that same passed over and fell upon the foot of plaintiff, injuring him in the manner alleged.

The plaintiff filed with the court certain other written issues, as follows:

"Was the defendant or its foreman negligent in loading said vehicle or truck with too great a load, or in an unsafe and defective manner? You will answer yes or no."

"Was the defendant negligent in furnishing a defective truck or other vehicle with defective braces or supports or other defective parts and requiring plaintiff to work therewith in said condition? You will answer yes or no."

"Was the plaintiff, James Walker, injured while in the employ of the defendant during 1916, substantially in one or more of the ways set out by him in his petition? You will answer this yes or no"

—each of these issues giving the style and number of the case, numbered ———, and upon each of the issues so tendered was indorsed the word "Refused," signed "Wm. Masterson, Judge." These appear to have been filed in the district court of Harris county during the trial of the case. Except by the word "Refused" and the signature of the judge, there is no evidence in the record that these issues were tendered the trial court before the case was submitted to the jury. The honorable Court of Civil Appeals, in refusing to consider the three assignments based upon the refusal of the trial court to submit the above three issues to the jury, base their action on the ground that there is no statement in the brief showing that these special issues were requested in writing before the case was submitted to the jury, and say:

"Nor does it even appear from the statement in the brief following the assignment that such issues were requested at any time and refused by the court; for that reason, as well as others pointed out by the appellee, we decline to consider the first three assignments. The holdings of all the courts on this point are so numerous that a mention of the decisions would be superfluous."

To fully understand the further holding of the Court of Civil Appeals a recourse must be had to appellee's brief to ascertain the other reason pointed out by it. The additional reason given by appellee in its brief is "the assignments are not correctly copied in the brief." To understand this objection and the holding of the Court of Civil Appeals, further recourse being had to the record, it appears that these three issues were filed in the lower court, as stated above; that in preparing his motion for a new trial the plaintiff, along with other issues refused, includes in one subdivision No. 4 these three issues and the refusal thereof by the court as grounds for a new trial. Subdivision 4 of the motion contains each of these issues under separate headings and

paragraphs. In the preparation of his brief filed in the Court of Civil Appeals plaintiff selects certain paragraphs of that subdivision for his three assignments, and ignores or waives the others. The assignments are in the exact language of the selected paragraphs, and present the issues as copied above in respective order, except that the style and number of the case and the words "You will answer this yes or no" are left off.

Article 2020, Vernon's Revised Civil Statutes, 1920, is as follows:

*"Motion for New Trial, etc., Requisites of.—* Every such motion shall be in writing and signed by the party or his attorney, and shall specify the ground upon which it is founded, and may be amended under leave of the court, and no grounds other than those specified shall be heard or considered."

[1] The issues having been clearly presented, we do not think because plaintiff chose to include the refusal of several issues in one subdivision of his motion for a new trial he violates any law or rule of practice. The presentation of these assignments taken from one subdivision of the motion as separate assignments naturally follows as being permissible. The contention as made by appellee that they should not be considered because they are not correctly copied in the brief refers to the fact that the whole of subdivision 4 is not copied in the brief, insisting that paragraph 4 is the assignment upon which plaintiff must rely.

In the case of Green v. Hall, 228 S. W. 184, in an opinion by Judge Spencer of this section, the Supreme Court has approved the holding that an assignment numbered 4 as it appeared in the motion for new trial, and "third" as it appeared in the assignments filed in the district court subsequent to the adjournment of the term, should be considered, even though it charges error in refusing to give an issue which really contained four issues.

"It is to be borne in mind, that the statute and rules which require errors to be assigned were intended primarily for the relief of the appellate courts, and to secure a prompt dispatch of the business that should be brought before them. They should be given a reasonable and practical construction, and not one calculated to embarrass suitors in the appellate tribunals by unnecessary restrictions. It is certain that it was never intended to hedge either the Court of Civil Appeals or the Supreme Court around with technical and arbitrary requirements, so as to cut off the approach of such parties as seek relief in good faith from the consequences of supposed errors committed to their prejudice in the trial courts." Land Co. v. McClelland Bros., 86 Tex. 191, 192, 23 S. W. 1100, 1103, 22 L. R. A. 105.

[2] The case of Hess & Skinner Engineering Co. v. Turney et al., 109 Tex. 208, 203 S. W. 595, the Supreme Court, construing article 1912 of acts of 1911 as amended by the Thirty-Third Legislature, which provides that where a motion for a new trial has been filed, the assignments therein shall constitute the assignments of error, as to the facts, is not on "all fours" with the case at bar, but announces the interpretation of that statute which we think applicable in this case:

"The benefit intended by this act was for the appellant—to provide a mode for the presentation of his assignments of error. It cannot be said that this benefit will accrue to him under the act only by giving the word 'shall' a mandatory construction. Construing it in a permissive instead of an imperative sense, will still leave the appellant fully invested with the privilege of presenting his assignment by an adequate method, recognized by the act itself, and having them considered by the appellate courts. His rights will be as effectually conserved by the former construction as by the latter. They do not depend, therefore, upon an imperative use of the term.

"This construction enables the act to accomplish its full purpose and truly expresses what we think the Legislature intended. We decline to attribute to it a purpose to fasten further technical requirements upon the mode of appeal. *It would be highly technical to confine an appellant for his assignments of error to the exact language of his motion for a new trial."* (Italics ours.)

Certainly an inspection of the issues as presented in the brief and motion for new trial and of the original issues filed in the lower court shows conclusively that the issues insisted on before the Court of Civil Appeals under assignments 1, 2, and 3, in appellant's brief, are the same as those he requested the court to give. To confine him to an exact duplication of subdivision 4 of his motion for new trial would be to enforce a technical requirement which was not intended by the act or by the rules of the Supreme Court.

[3] The failure of the plaintiff to preserve a technical bill of exceptions to the refusal of the trial court to submit the three issues requested, in our opinion, is met by the filing of the written issues with the court and the trial court's indorsement of his refusal thereof on the issues.

Construing article 1974 of Vernon's Rev. Civ. Stats., 1920, which is as follows:

*"Indorsement by Judge on Special Instructions Refused; as Bill of Exceptions; Presumption on Appeal; Indorsement When Instruction Given or Modified.—*When a special instruction is requested and the provisions of this law have been complied with and the trial judge refuses the same, he shall indorse thereon: 'Refused,' and sign the same officially, and such charge, when so indorsed, shall constitute a bill of exceptions and it shall be conclusively presumed on appeal that the party asking said charge presented the same at the proper time and excepted to its refusal, and that all of the requirements of law have been observed, and the same shall entitle the party requesting such

charge to have the action of the trial judge in refusing the same reviewed on appeal without preparing a formal bill of exceptions. * * * "

We can draw no distinction between a special charge and a special issue, and we do not think it was the intention of the Legislature to make such distinction. The term "special instruction" is not so limited. A special charge and a special issue are each "instructions." In the one, the jury is instructed upon what constitutes the law upon the particular issue they are to determine, and in the other they are instructed to determine the particular fact or facts upon which the court applies the law. The plaintiff, having presented the written issues marked "Refused" by the court, is in position to have the error in refusing those issues passed on by the Court of Civil Appeals and the Supreme Court.

We are aware that several of our Courts of Civil Appeals have apparently held contrary to the holding in this case, but in nearly all of the decisions in which the questions here decided have been passed on by those courts, other issues were involved which we cannot take space and time to consider and distinguish. But where they have directly held to the contrary, we decline to follow their decisions.

The errors pointed out in the three assignments not being such that the jurisdiction of the Court of Civil Appeals is final, we will therefore consider them on their merits.

[4] The jury in the case found that the plaintiff, at the time he alleges he was hurt, was in the employ of the defendant; that he was injured; that the plaintiff in unloading the hoop iron, at the time he is alleged to have been injured, exercised such precaution for his own safety as a person of ordinary prudence would have done upon said occasion, similarly situated; that the plaintiff had suffered a prior injury to the alleged injured leg; that he was not suffering from any disease of his leg or ankle at the time of the alleged injury; that injuries the plaintiff sustained on the occasion in question did not aggravate the former injury to his left leg and ankle making necessary the amputation of his leg; that the injury was not caused by the foreman throwing a bundle of the iron hoops so that it passed over the truck and fell on plaintiff's foot, and placing plaintiff's damage at $250. These

findings are so conflicting that it appears from them, alone, that these issues should have been submitted. The plaintiff was injured; he was not negligent; the foreman was not; and the evidence shows that the foreman had told the plaintiff that the truck was "not much good"; that when the plaintiff asked him what was the matter with it, he replied that it was "not much account"; also that the foreman told him that there was something wrong with it. In view of the allegations of negligence contained in the petition, which it is charged that—

"The direct and proximate cause of the injury to plaintiff aforesaid was the negligence of defendant in failing to exercise ordinary care to furnish plaintiff reasonable safe place, tools, appliances, and apparatus with which to perform the work and service he was expected and required to do; in furnishing a defective truck, or other vehicle with defective braces or supporters or other defective parts, as it did do, and requiring plaintiff to work therewith in said condition, defendant well knowing said defects and the danger to plaintiff employed in the work he was required to do, or by the exercise of ordinary care, it could have known said defects: in failing to warn and advise plaintiff of the danger of said defective truck, or other vehicle, and to so inform and instruct him that there would be no danger to plaintiff; in loading said vehicle or truck with too great a load, and in an unsafe and defective manner, the same being so done under the direction of the foreman or on the part of the foreman in throwing or pitching a bundle from such a distance that the same would roll off said truck onto the opposite side thereof and on the foot of plaintiff, said foreman knowing plaintiff was there, or by ordinary care could have known that plaintiff was there, and that the said bundle, thus thrown, would fall upon plaintiff, we hold that the plaintiff was entitled to have these additional issues submitted to the jury."

We therefore recommend that the judgments of the Court of Civil Appeals and of the district court be reversed, and this cause be remanded to the district court for further trial in accordance with this opinion.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the question discussed in its opinion.