## CITY OF SAN ANTONIO et al.

### v.

### CRANE.

### No. 12661.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 10, 1954.

Jack Davis, C. J. Matthews, San Antonio, for appellants.

A. F. Montemayor, Dan Henke, Glenn B. Lacy, San Antonio, for appellee.

NORVELL, Justice.

This is the second appeal in this case. Our former opinion is reported in, Allen v. Crane, Tex.Civ.App., 257 S.W.2d 357. We held that the Firemen's and Policemen's Civil Service Commission of the City of San Antonio had not rendered a final order from which an appeal could be taken to the district court. Despite Crane's contention that the Commission was without authority to correct or complete its order, we suggested that Crane "take steps to procure a final appealable order from the Commission." Upon rehearing, Crane urged that we erred in holding that the Civil Service Commission had authority and jurisdiction to take further action in the matter as the thirty day period prescribed for action by the Commission had expired. This motion was overruled. The provision of Article 1269m, § 16, Vernon's Ann.Tex. Stats., that the "Commission shall hold a hearing and render a decision in writing within thirty (30) days after it receives said notice of appeal", is not a limitation upon the Commission's jurisdiction, but prescribed a time within which it must act

or will be required to act by mandamus or other appropriate legal proceedings.

However, upon remand, the contention was urged that the subsequent action of the Commission taken on July 13, 1953, permanently dismissing Crane from the Police Department of the City of San Antonio was invalid because not taken within the thirty day period. It is apparent from the face of the order that this action on the part of the Commission was taken in pursuance of this Court's suggestion that the order of August 7, 1952, be made complete and final.

The trial court sustained this contention and erred in so doing. It appears that no evidence was heard as to the merits of the case and, accordingly, the order appealed from is reversed and the cause remanded for further proceedings not inconsistent with this opinion, in order that it may be determined whether or not the order of the Commission is reasonably supported by substantial evidence. Trapp v. Shell Oil Co., 145 Tex. 323, 198 S.W.2d 424; City of Waco v. Akard, Tex.Civ.App., 252 S.W.2d 496.

Reversed and remanded.