**Ike TAYLOR et al., Appellants,**

v.

**CITY OF FORT WORTH, Appellee.**

No. 16853.

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 27, 1967.

Rehearing Denied Dec. 1, 1967.

Simon & Simon, and Richard U. Simon and Harold D. Hammett, Fort Worth, for appellants.

S. G. Johndroe, Jr., City Atty., Jerome H. Parker, Jr., John R. Thompson, Jr., Asst. City Attys., Fort Worth, for appellee.

OPINION

LANGDON, Justice.

On August 4, 1966, the appellants filed suit seeking disannexation of territory which was annexed by the City of Fort Worth on February 18, 1963. The suit was based upon Article 970a, Sec. 10, subd. A, Vernon's Ann.Civ.St., which provides in part as follows:

"From and after the effective date of this Act, any city annexing a particular area shall within three (3) years of the effective date of such annexation provide or cause to be provided such area with governmental and proprietary services, the standard and scope of which are substantially equivalent to the standard and scope of governmental and proprietary services furnished by such city in other areas of such city which have characteristics of topography, patterns of land utilization, and population density similar to that of the particular area annexed. * * * "

The statute further provides that in the event the city fails or refuses to provide such services within the time specified that the governing body of such city may be petitioned to disannex the particular area. Upon failure of the governing body of the city to disannex the statute provides for resort to the district court which, "shall enter an order disannexing" such particular annexed area upon a finding that such area is otherwise eligible for disannexation under the provisions of the section above quoted.

The last sentence of Sec. 10, subd. A provides as follows:

"Provided, however, that the right of disannexation provided for in this Section shall not be available to any particular annexed area which was lawfully within the city limits of a city at the time of the approval or sale of any general obligation bonds of the city if proceeds therefrom have been expended for capital improvements to serve such particular annexed area, so long as any such bonds are outstanding."

The appellee, City of Fort Worth, filed its motion for summary judgment based upon its pleadings, affidavits of various city officials and exhibits. The motion was sustained.

We reverse and remand.

The City contends that during the time the area sought to be disannexed was lawfully within the city limits the City Council approved and sold General Obligation Bonds of the City in substantial amounts the proceeds of which have been expended for capital improvements (Village Creek Sewer Collector System) to serve such area. That such bonds were outstanding at the time this suit was brought and are still outstanding (issued for 25 year period) and in the hands of innocent purchasers for value.

That because of the approval and sale of the General Obligation Bonds the proceeds of which have been expended for capital improvements (Sewer Collector System) the appellants are not entitled to disannexation under the express provisions of the last sentence of Sec. 10, subd. A, of Art. 970a, which is above set forth.

The City also urged that it has and is providing governmental and proprietary services in the area sought to be disannexed which are substantially equivalent to such services as are furnished other areas of the City which have characteristics of topography, patterns of land utilization and population density similar to the area in question. The affidavits of the various officials of the City more or less "parrot" the language of the statute as to such services.

Other areas of the City comparable to or similar to the area in question are not identified nor are the services furnished

such comparable areas described so as to permit any comparison of such services or areas.

■ As to the area in question the City contends it furnishes police and fire protection on a regular and effective basis and recently has completed a sanitary sewer collector main which system penetrates the area involved and that additional portions of the system are presently under construction. That such system was designed to serve the area sought to be disannexed. There is nothing in the record to show that it is serving the area or that it will serve the area and if so, when such service will be extended to such area. It is a matter of common knowledge that a sewer system without a water supply in conjunction therewith is totally ineffective. There is no showing that the area is being furnished water or that it will be. The sewer system above referred to also penetrates an area which the City of Fort Worth voluntarily disannexed. The same system now or soon will penetrate the City of Everman. There is some mention of an agreement between the Cities of Everman and Fort Worth regarding the sewer system. The terms of the agreement relating to the use of the system and its availability to the use of other areas is not reflected by the record.

■ In our opinion the pleadings and the affidavits of the plaintiffs raise an issue of fact as to whether or not the City is providing the area in question with governmental and proprietary services which meet the standard required by Article 970a, Sec. 10, subd. A, V.A.C.S., supra.

The affidavit of Ike Taylor, one of the appellants, states that the City of Fort Worth in the past 3 years has not furnished the area in question with any police protection on any regular basis and that the Cities of Everman and Forest Hills "have furnished such fire protection as we have had. The City of Fort Worth does not furnish this area with water, sewage or disposal services of any kind or nature.

In short, the city of Fort Worth does not furnish the residents of the area with any city facilities of any kind or nature and has not in the past 3 years. The inter-city sewage drain to Everman is not for the citizens of this area, and we have been told that we could not use this drain. The only service the City of Fort Worth is providing for this area is a regularly scheduled notice of ad-valorem taxes due which is received about the first of October of each year."

In a second affidavit Mr. Taylor states that he has made a particular point to observe the facilities being furnished by the City of Fort Worth, and then states "The City of Fort Worth does not furnish any fire protection out here. We have tried to get assistance from the Fire Department of the City of Fort Worth and have been unsuccessful and the City of Forest Hill and Kennedale has answered fire calls in this area, I have never seen a Police Patrol of the City of Fort Worth in this area. The City of Fort Worth does not furnish any water or sewer facilities. I have my own well and septic tank and all of my neighbors in this area have the same facilities."

The City argues that it is immaterial whether or not the services required were furnished by it since it is uncontroverted that the City has expended the proceeds from the sale of General Obligation Bonds for the construction of capital improvements to serve the area in question. Therefore, under the provisions of the last sentence of Sec. 10, subd. A of Art. 970a, supra, the right of disannexing provided for in the Act is not available to the appellants.

■ In our opinion the appellants by their pleadings and affidavits have raised a question of fact as to whether or not the proceeds from the sale of the bonds referred to have been expended for capital improvements (the sewer system) to serve the area in question. The showing that proceeds from sale of bonds is being expended for a sewer system which penetrates the area involved is not sufficient to show as a

matter of law that the sewer system is "to serve the area in question."

The affidavit of appellant Ike Taylor states "The inter-city sewage drain to Everman is not for the citizens of this area, and we have been told that we could not use this drain."

McDonald Texas Civil Practice, Vol. 4, § 17.26, p. 1380: "(I) On the whole case. A summary judgment disposing of the entire action is proper when, but only when, the trial court, on motion therefor, is satisfied that 'there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' It must, indeed, be 'quite clear what the truth is.' Stated otherwise, the problem for the court, on such a motion, is whether the evidence before him, if offered at the trial, would compel the submission of issues of fact to the jury; if not, a summary judgment is proper. His task is to ascertain whether any material factual issues are in dispute, not to try them if they exist." The same text at page 1388 states: "(ii) Where a motion is supported by affidavits, depositions, admissions, or other extrinsic evidence, but such supporting data is insufficient to demonstrate the absence of disputed issues as to material facts, no counteraffidavits are necessary. The motion will be overruled on its merits." See also authorities cited under each of the above quoted paragraphs.

"Summary judgment is possible in this state only by virtue of the provision of Rule 166-A. To entitle a party to a summary judgment, the provisions of this rule must be strictly complied with. Gulbenkian v. Penn, 1952, 151 Tex. 412, 252 S.W.2d 929; Womack v. Allstate Insurance Company, 1957, 156 Tex. 467, 296 S.W.2d 233. 'The burden of demonstrating the lack of a genuine issue of material fact is upon the movant, and all doubts are resolved against him,' McDonald, Texas Civil Practice, Vol. 4, p. 1392, § 17.26 (VI)." Gardner v. Martin, 162 Tex. 156, 345 S.W.2d 274 (1961).

" 'An expeditious disposition of cases is a cardinal virtue of the administration of justice, but it is not more important than one's fundamental right to his full day in court.' Accordingly, the rule 'should be cautiously invoked to the end that parties may always be afforded a trial where there is a bona fide dispute between them.' "

Since there appears to be a bona fide dispute as to whether the services required by the statute are being furnished and whether the capital improvements (sewer system) is to serve the area in question we reverse and remand the case to the trial court for trial on the merits.

Reversed and remanded.