**CITY OF FORT WORTH, Petitioner,**

v.

**Ike TAYLOR et al., Respondents.**

**No. B–625.**

Supreme Court of Texas.

April 24, 1968.

Rehearing Denied May 23, 1968.

S. G. Johndroe, Jr., City Atty., Jerome H. Parker, Jr., and John R. Thompson, Jr., Asst. City Attys., Fort Worth, for petitioner.

Simon & Simon, Richard U. Simon and Harold D. Hammett, Fort Worth, for respondents.

SMITH, Justice.

On August 4, 1966, respondents filed this suit seeking disannexation of approximately 6.3 square miles of land from the City of Fort Worth. A take nothing judgment was rendered and entered. On appeal, the court of civil appeals reversed the judgment of the trial court and remanded the cause to the lower court for trial on the merits. 421 S.W.2d 183. We reverse the judgment of the court of civil appeals and affirm that of the trial court.

In their petition against the City, respondents alleged that the territory which they sought to have disannexed was included within the boundaries of the City on February 18, 1963, by Ordinance No. 4560; they were qualified voters and land owners within the area involved and had paid taxes computed and levied by the City upon the basis of the evaluation of property rights of petitioners situated in the area since the effective date of the ordinance. Their petition for disannexation filed with the City Secretary on May 3, 1966, stated the grounds for disannexation as being:

"Plaintiffs would show that the defendant despite collecting taxes from your plaintiffs have wholly failed to provide the above described area with any governmental and proprietary services the standard and scope of which are substantially equivalent to the standard and scope of governmental and proprietary services furnished by the defendant in other areas of the City of Fort Worth which have characteristics of topography, patterns of land utilization and population density similar to that of the above annexed area. Plaintiffs would show that said defendant has for a period in excess of three years following the effective date of said Ordinance failed to provide the above services and that on May 3, 1966, a petition was filed with the City Secretary of the defendant requesting the disannexation of the above described area. Said petition was in the form and was circulated, posted and presented as is all provided in Article 970(a) of the Texas Revised Civil Statutes of 1925."

The above allegations track the language of Article 970a [1] relied upon by respondents.

The City, in its answer, denied that plaintiffs had "any right of disannexation from

[1.] The applicable portion of the statute reads as follows:

"Sec. 10. A. From and after the effective date of this Act, any city annexing a particular area shall within three (3) years of the effective date of such annexation provide or cause to be provided such area with governmental and proprietary services, the standard and scope of which are substantially equivalent to the standard and scope of governmental and proprietary services furnished by such city in other areas of such city which have characteristics of topography, patterns of land utilization, and population density similar to that of the particular area annexed. In the event a city fails or refuses to provide or cause to be provided such services within the time specified herein, a majority of the qualified voters residing within such particular annexed area and the owners of fifty per cent (50%) or more of the land in such particular annexed area, which area must adjoin the outer boundaries of the city, may petition the governing body of such city, to disannex such particular annexed area. Should the governing body of such city fail or refuse to disannex such particular annexed area within ninety (90) days after receipt of a valid petition, any one or more of the signers of such petition may, within sixty (60) days of the date of such failure or refusal, file in a district court of the district in which such city is located an action requesting that the particular annexed area be disannexed. Upon the filing of an answer in such cause by the governing body of such city, and upon application of either party, the case shall be advanced and heard without further delay, all in accordance with the Texas Rules of Civil Procedure. Upon hearing of the case, if the district court finds that a valid petition was filed with the city, that the particular annexed area is otherwise eligible for disannexation under the provisions of this Section, and that the standard and

the City of Fort Worth 'under the authority of Article 970(a) of the Texas Civil Statutes of 1925', and on the contrary * * * each of them [were] expressly precluded from any such right of disannexation" by the terms of Article 970a, which provides that the right to annex shall not be available "to any particular annexed area which was lawfully within the city limits of a city at the time of the approval or sale of any general obligation bonds of the city if proceeds therefrom have been expended for capital improvements to serve such particular annexed area, so long as any of such bonds are outstanding."

The City further alleged in its answer that all of the respondents were, "in fact, receiving governmental and proprietary services, the standard and scope of which are substantially equivalent to the standard and scope of governmental services furnished by the defendant * * * in other areas * * * which have characteristics of topography, patterns of land utilization and population density similar to that of the above described area." The City also alleged that on July 15, 1963, a portion of the 6.3 square miles was disannexed by ordinance No. 4984, and thereafter, on March 30, 1964, the City by the passage of Ordinances 5139, 5142, and 5143 disannexed other portions of the involved area.

Thereafter, the City filed a motion for summary judgment asserting that "the pleadings, exhibits, affidavits and instruments of record herein show as a matter of law that there is no genuine issue as to any material fact. * * *" Further, the

City specifically asserted in its motion for summary judgment that respondents should take nothing by their suit for the reason that the territory was within the city limits of the city of Fort Worth when funds were provided by the sale of Series 096 General Obligation Bonds of the City, which became an obligation of the City. Affidavits supporting and contesting the motion for summary judgment were filed. Respondents contend that the pleadings present material issues of fact. Petitioner contends to the contrary.

 This appeal presents the sole question of the correctness of the summary judgment entered by the trial court. Under the view we take of the cause, it is unnecessary for us to pass upon the question of whether or not issues of fact were raised on the matters presented in the motion for summary judgment and the affidavits relative thereto. Our action is based upon the ground that the Act cannot be given retroactive effect since the Act expressly provides that the only territory to which the statute shall be applicable is that which is annexed "from and after the effective date" of the Act. We are justified in basing our holding on this ground only in the event the record affirmatively shows that the summary judgment was warranted. The Court is not limited to the grounds stated in the motion if there are other grounds which require the judgment as a matter of law. See In Re Price's Estate, 375 S.W.2d 900 (Tex.Sup.1964); Broderick Wood Products Co. v. United States, 195 F.2d 433 (10th Cir. 1952); 4 McDonald, Texas Civil Practice, § 17.26.2.

scope of governmental and proprietary services provided or caused to be provided to such particular annexed area are not substantially equivalent to the standard and scope of governmental and proprietary services provided or caused to be provided other areas of such city having characteristics of topography, patterns of land utilization and population density similar to that of the particular annexed area, it shall enter an order disannexing such particular

annexed area. Provided, however, that the right of disannexation provided for in this Section shall not be available to any particular annexed area which was lawfully within the city limits of a city at the time of the approval or sale of any general obligation bonds of the city if proceeds therefrom have been expended for capital improvements to serve such particular annexed area, so long as any such bonds are outstanding."

This suit was brought exclusively under the authority of Article 970a, Vernon's Annotated Civil Statutes of Texas, referred to in the record as a part of the Revised Civil Statutes of 1925. It is undisputed that Article 970a, including Section 10, subd. A thereof, was passed by the Legislature more than two months after the tract of 6.3 square miles of land was by ordinance included within the city limits of Fort Worth. The Act became effective on August 23, 1963, a few days more than six months after the involved land was annexed by the City. The language of the statute makes it clear that it was the intention of the Legislature that the provisions of the Act should apply only in cases where cities annex a particular area *"[f]rom and after the effective date"* of the Act. (Emphasis added.) Respondents argue that whether the remedies provided in Article 970a are available is a matter of statutory construction, which will depend upon an examination of all of the ordinances relating to the annexation or disannexation of the total area. Respondents also advance the argument in their post submission brief that "[if] the remedies of Article 970(a) are not available to Respondents, there may be some other basis for disannexation. And even though the petition purports to seek relief under Article 970(a), should not Respondents have had the opportunity, upon finding that such remedies were not available to them, either through exception, or by the clear wording of the Motion for Summary Judgment, to have amended their petition and seek disannexation under some other statute or principle, or should they not have been afforded the opportunity to dismiss the immediate action without prejudice, and to explore other remedies."

 Respondents do not cite any article of the statute or decisions of a court, and we have found none, which would authorize this Court in the absence of error to remand a cause to the trial court merely to give a litigant an opportunity to proceed upon some new theory. Fort Worth is a home-rule city. The annexation of the 6.3 square miles was accomplished prior to the enactment of Article 970a. The annexation proceedings were governed solely by the provisions of Fort Worth's home-rule charter. It is undisputed that the area involved was legally within the boundaries of the city limits of the City of Fort Worth prior to the effective date of the legislation designated as Article 970a. Therefore, assuming without deciding that the summary judgment proofs raise material issues of fact on the defenses urged in the motion for summary judgment, nevertheless it would be useless procedure to remand this cause since we have held that respondents are precluded as a matter of law from recovering under Article 970a. In Re Price's Estate, supra.

The judgment of the court of civil appeals is reversed and the judgment of the trial court that the respondents take nothing is affirmed.