**Robert F. CRAWFORD, Appellant,**

v.

**CITY OF HOUSTON, Texas, et al., Appellees.**

**No. 670.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Nov. 1, 1972.

Rehearing Denied Nov. 29, 1972.

Peter D. Williamson, Houston, for appellant.

William A. Olson, City Atty., F. William Colburn, Senior Asst. City Atty., Roy Ahrens, Asst. City Atty., Houston, for appellees.

SAM D. JOHNSON, Justice.

Appellant, as an employee of the City of Houston, came within the provisions of the Firemen's and Policemen's Civil Service Act, Vernon's Tex.Rev.Civ.Stat.Ann. art. 1269m. He was indefinitely suspended from his work with the Houston Police Department on January 10, 1972. Nine days later, on January 19, 1972, he timely filed his appeal with the Firemen's and Policemen's Civil Service Commission of the City of Houston. His appeal, after some rescheduling, was set and heard on March 9, 1972. The date of the hearing before the Commission was considerably in excess of the thirty days after notice of appeal provided for in the Act.

On February 29, 1972, appellant brought suit seeking (a) a writ of mandamus instructing the City and its police chief to reinstate appellant, (b) a temporary and ultimately a permanent injunction restraining the Commission from holding any hearings regarding his suspension, and (c) a temporary restraining order preventing any steps by the Commission pending court action on his suit. The trial court denied the petition for a writ of mandamus and permanent injunction and dismissed the suit. Appellant now protests only the denial of his application for a writ of mandamus.

Tex.Rev.Civ.Stat.Ann. art. 1269m, sec. 16 (1963) after providing for the indefinite suspension of employees violating the civil service rules, then provides that the officer making the order of suspension "shall" within one hundred twenty hours thereafter file a written statement with the Commission giving the reasons for the suspension and furnish a copy thereof to the suspended employee. The act then provides:

"Said order of suspension shall inform the employee that he has ten (10) days after receipt of a copy thereof, within which to file a written appeal with the Commission. The Commission shall hold a hearing and render a decision in writing within thirty (30) days after it receives said notice of appeal."

■ The singular question presented is whether a Civil Service Commission which has failed to hold a hearing within the specified thirty day period has jurisdiction to hold the hearing at a subsequent date. We conclude that it does not.

The Act, and particularly sec. 16 thereof, is explicit in regard to the times within which certain events "shall" incur. The mandatory word selected by the legislature permits of no judicial derogation. We believe this to be particularly true when it relates to the period of time within which a legislatively created body is directed to hear and decide an issue of fundamental importance to its own employees.

■ In the City's brief before this Court the argument is presented, "How is Appellant himself harmed by the delay? If in fact he was harmed, why did he not assert in court his right to a hearing in 30 days?" We believe the answer is to be found within the Act itself. Section 17 of the Act provides: "In order for a Fireman or Policeman to appeal to the Commission, it shall *only* be necessary for him to file within ten (10) days with the Commission a statement denying the truth of the charge as made, or a statement taking exception to the legal sufficiency of such charges and asking for a hearing by the Commission." There is no indication of any intent to require an employee, indefinitely suspended from his employment and the income therefrom, to show himself harmed—even though it is altogether apparent that he is—and resort to the court for redress. The timeliness of the hearing is specified in the statute and the commission, even one composed of busy private citizens, is by statute bound to provide it.

Nor is it an answer that an employee may compel a hearing after the expiration of thirty days. Both the city and the employee are bound by the time specifications within the Act and neither may enlarge upon them to the detriment of the other.

In City of San Antonio v. Crane, 265 S.W.2d 124 (Tex.Civ.App.—San Antonio 1954, no writ), the court states "The provision of Article 1269m, § 16, Vernon's Ann.Tex. Stats., that the 'Commission shall hold a hearing and render a decision in writing within thirty (30) days after it receives said notice of appeal', is not a limitation upon the Commission's jurisdiction, but prescribed a time within which it must act or will be required to act by mandamus or other appropriate legal proceedings." There, however, a commission hearing had been duly held within the 30-day limitation and an order issued which was not final and appealable. It was therefore sent back on a previous appeal for final disposition by the Commission. Once the terms of the order were established in appealable form the plaintiff again appealed. Among other contentions, plaintiff asserted that since the final appealable order was not made within the 30-day period, it was invalid. The Court noted that the Commission had in fact acted within the 30-day period, and that its subsequent disposition referred back to its initial action. In the instant case, however, there was no initial action within the specified 30-day period to which subsequent action could refer.

In Bichsel v. Carver, 159 Tex. 393, 321 S.W.2d 284 (1959) the chief of police suspended a policeman. The charges served upon the policeman were withdrawn and second charges were served, despite the prohibition to so doing contained in the Act. The trial court issued a writ of mandamus against the city and the Court of Civil Appeals affirmed. The Supreme Court also affirmed noting the unique nature of the Texas Act, stating that the decision was against the general rule authorizing amendment, and reciting that "If it were not for the above statute, this would be an entirely different case." 321 S.W.2d 286. The Court then continued:

"So here, the wisdom of limiting the Chief to his original written charges and prohibiting amendment thereof is not for the Court to decide. Our question is whether the Legislature has so provided. We think it has. The Legislature may have had in mind the shielding of police and similar employees from harassment which could be accomplished by the filing, dismissal and refiling of charges based upon the same transaction. Such action would result in successive suspensions and thus defeat one of the purposes of the Civil Service Act which is to provide for and protect the rights of persons serving as officers and employees of municipal fire and police departments. City of San Antonio v. Wiley, Tex.Civ.App.1952, 252 S.W.2d 471, writ ref., n. r. e.". 321 S.W.2d 286.

There, as here, the legislature had made a specific provision. There, as here, the legislature may have had in mind the shielding of employees from harassment by delay. This could be accomplished by the delayed setting of all hearings. It could also be accomplished by a timely setting followed by delayed resetting and rescheduling time after time. A suspended employee could thereby easily be dissuaded from pursuing the procedures provided for in the Act which are at least in part specified for his protection. There, as here, the result would be to defeat one of the purposes of the act "which is to provide for and protect the rights of persons serving as officers and employees of municipal fire and police departments."

█ The City's contention relative to appellant's dismissal of his prior appeal is overruled. The former appeal, filed prior to the trial court's final judgment, sought to overturn that court's order denying a temporary injunction, the instant appeal challenges the refusal to issue a writ of mandamus. Appellant's recourse to this Court is therefore not precluded.

**182** ■

For the reasons stated we hold the thirty-day time limit specifically enumerated in the statute to be jurisdictional. Cause reversed and remanded to the trial court for issuance of a writ of mandamus.

BARRON, Justice (dissenting).

I cannot agree that the provision of the above applicable statute regarding the holding of a hearing and the rendering of a decision in writing within thirty days after the commission receives such notice of appeal is of a jurisdictional nature. I can readily think of a number of valid and necessary reasons for some delay under many circumstances if justice is to be done.

I believe the rule should be interpreted as requiring action within thirty days after receipt of notice of appeal, or if good and valid cause exists on the part of any party, the earliest time possible after the expiration of thirty days. To interpret the meaning of the above period of time as jurisdictional, in my opinion, would place the city in a relative straight-jacket and sometimes require the retention of undesirable or even corrupt officers on technical grounds. Also, injustice toward the involved officer might result.

The word "shall", particularly under these circumstances, is not consistently given a mandatory construction. Walker v. Hirsch Cooperage Co., 236 S.W. 710, 712 (Tex.Comm'n App.1922, holding approved). I do not believe it should be given such a construction here.

An act of the legislature should be given a fair and reasonable construction in order to carry out its legitimate purpose and not be construed in such a manner as to nullify or defeat its purposes and intent. Walker v. City of Houston, 466 S.W.2d 607, 609 (Tex.Civ.App.—Houston (14th Dist.) 1971, no writ). I can see absolutely no necessity in construing this portion of the statute as jurisdictional, and I believe the matters above discussed should be under the rea-

sonable control of the Commission or the court on review when necessity arises.

For the above reasons, I respectfully dissent.