**Neal B. TODD, Appellant,**

**v.**

**The CITY OF HOUSTON et al., Appellees.**

No. 16235.

Court of Civil Appeals of Texas, Houston (1st Dist.).

March 14, 1974.

Rehearing Denied April 11, 1974.

Wandel & Bousquet, R. D. McPherson, Houston, for appellant; T. G. Bousquet, Houston, of counsel.

William A. Olson, City Atty., F. William Colburn, Sr. Asst. City Atty., Alan F. Levin, Asst. City Atty., Houston, for appellees.

ON MOTION FOR REHEARING

PEDEN, Justice.

On January 17, 1974 we filed two opinions in this case, ordering that one of them not be published pursuant to Rule 452, Texas Rules of Civil Procedure.

We now grant the appellant's motion for rehearing, withdraw both of the opinions filed on January 17, 1974, and substitute for them the opinion that follows.

Neal B. Todd appeals from the granting of a summary judgment in favor of the

City of Houston and from the denial of his motion for summary judgment. He was a lieutenant in the Houston Police Department when he received a written statement of indefinite suspension on October 24, 1966.

Todd gave timely notice to the Civil Service Commission that he was appealing to the Commission from his suspension. After a hearing, the Commission entered an order dismissing him on December 7, 1966.

Todd appealed from the Commission's dismissal order by bringing this suit in the District Court as provided in Sec. 18 of Article 1269m, Vernon's Ann.Texas Civil Statutes.

Appellant's eighth point of error is that the trial court erred in granting the appellees' motion for summary judgment because the Civil Service Commission did not have jurisdiction to enter its order dismissing him since the Commission did not act within 30 days after it received the appellant's notice of appeal, as required by law.

Appellant's ninth point is that the trial court erred in denying his motion for summary judgment because the Civil Service Commission failed to act within 30 days after receiving appellant's notice of appeal, as required by law.

We sustain these points of error and do not reach the appellant's other points. Section 16 of Article 1269m provides that a Chief of Police may suspend indefinitely any officer under his supervision for violation of civil service rules, but in every such case he shall within 120 hours thereafter file a written statement with the Commission, giving the reasons for the suspension. The suspended officer has ten days after receipt of the copy of the statement within which to file a written appeal with the Commission. This provision next appears: "The Commission shall hold a hearing and render a decision in writing within thirty (30) days after it receives said notice of appeal."

The summary judgment evidence shows that the Commission received Todd's notice of appeal on November 1, 1966 and scheduled a public hearing on the matter for November 17, 1966. The Commission's order recites that the hearing was then recessed, was resumed on November 28, 1966 and that all the evidence was heard. It was rendered and signed by the members of the Commission on December 7, 1966, some six days beyond the 30 day period allowed by the statute.

The Fourteenth Court of Civil Appeals held in Crawford v. City of Houston, 487 S.W.2d 179 (1972, writ ref. n. r. e.), that a Civil Service Commission which has failed to hold a hearing within the thirty day period specified in Sec. 16 of Art. 1269m does not have jurisdiction to hold the hearing at a subsequent date.

The statute requires not only that the hearing be held within thirty days but also that the decision in writing be rendered within that period.

The validity of this statutory provision is not under attack and it is not ambiguous. It is our duty to follow it. See Bichsel v. Carver, 159 Tex. 393, 321 S.W.2d 284 (1959).

The Commission's written decision was not timely filed so it is invalid and the appellant was entitled as a matter of law to the summary judgment which he sought in the trial court even though his motion for summary judgment was rather non-specific. The court is not limited to grounds stated in the motion if there are other grounds which require the judgment as a matter of law. City of Ft. Worth v. Taylor, 427 S.W.2d 316 (Tex.1968).

" . . . when . . . both parties file motions for summary judgment and one such motion is granted, . . . on appeal the Court of Civil Appeals should determine all questions presented. If reversible error is found, the court should render such judgment as the trial court should have rendered, Rule 434

. . ." Tobin v. Garcia, 159 Tex. 58, 316 S.W.2d 396 (1958).

We reverse the judgment of the trial court and render judgment setting aside the order of suspension and ordering the appellant reinstated with his accumulated salary.