Kenneth KIRKWOOD, Appellant,

v.

CITY OF CORSICANA, et al., Appellees.

No. 10–93–151–CV.

Court of Appeals of Texas,
Waco.

March 9, 1994.

R. John Cullar, Mills, Millar, Matkin & Cullar, Waco, for appellant.

Bettye S. Springer, Sheila Gladstone, and Don R. Willett, Haynes and Boone, L.L.P., Austin, for appellees.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

VANCE, Justice.

This appeal arose under chapter 143 of the Texas Local Government Code, entitled "Municipal Civil Service." *See* TEX.LOC.GOV'T CODE ANN. §§ 143.001–143.089 (Vernon 1988 & Supp.1994). It was brought by a police officer who was (1) indefinitely suspended by his chief; (2) temporarily suspended and placed on probation by the city's civil service commission after he appealed to that body; (3) fired by the chief because he appealed to the district court; (4) permanently dismissed by the commission after the proceeding was remanded to it by the district court; and (5) denied relief by the district court after hearings on the two civil service commission orders. Because we decide that the district court improperly remanded the proceeding, that the commission had no jurisdiction to issue a second decision, and that the commission exceeded its authority in placing the officer on probation, we will remand with instructions that he be reinstated and awarded back pay and attorney's fees.

## PUBLIC POLICY

Chapter 143 provides that its purpose is "to secure efficient fire and police departments composed of capable personnel who are free from political influence and who have permanent employment tenure as public servants." *Id.* § 143.001. Decisions have stated that one of the purposes of the predecessor act was to provide for and protect the rights of persons serving as officers and employees of municipal fire and police departments. *E.g., Bichsel v. Carver*, 159 Tex. 393, 321 S.W.2d 284, 286 (1959); *City of Carrollton v. Popescu*, 806 S.W.2d 268, 272 (Tex. App.—Dallas 1991, no writ); *Crawford v. City of Houston*, 487 S.W.2d 179, 181 (Tex. App.—Houston [14th Dist.] 1972, writ ref'd n.r.e.).

## HISTORY OF THE PROCEEDING

Kenneth Kirkwood, a civil service employee, held the rank of Captain in the City of Corsicana Police Department. On November 24, 1992, the Chief of Police sent Kirkwood a letter informing him that he had been indefinitely suspended for alleged violations of the department's rules of conduct.[1] *See* Tex.Loc.Gov't Code Ann. § 143.052. On December 1, Kirkwood appealed to the Civil Service Commission, the body authorized by chapter 143 to hear appeals of disciplinary suspensions. *See id.* §§ 143.010, 143.053. The commission conducted a hearing and issued a written decision on December 31, the thirtieth day after the appeal was filed, which temporarily suspended Kirkwood from the police department from November 25 through December 31. *See id.* § 143.-053(e)(2). The order continued:

As a condition of this temporary suspension, it is ORDERED that Kenneth Kirkwood is placed on probation for a period of one year with the following conditions:

1. That he accept a demotion from the Chief of Police back to the position of patrol officer.

2. That during the year, he not be involved in exhibitions of poor judgment in any similar situations.

3. That any appeal of this decision or his demotion shall result in the probation being revoked and the suspension automatically becomes permanent dismissal.

After receiving a copy of the order on January 4, 1993, Kirkwood filed suit in the district court on January 13. *See id.* § 143.-015. On January 14, the Chief of Police sent a letter informing Kirkwood that he was "no longer an employee of the City of Corsicana."

After a hearing held on January 29, the court notified the parties that the commission's order was not a final, appealable order and remanded the proceeding back to the commission "for entry of a final order." The commission conducted a second hearing and, on February 10, ordered that Kirkwood be "permanently dismissed" from the Corsicana Police Department and revoked the probationary conditions set out above.

Kirkwood amended his petition in the district court and filed a second suit attacking the February 10 order of the commission. At his request the court consolidated the two suits. On April 30, the court signed a judgment that affirmed the December 31 commission order and provided "or, in the alternative, if the first Order was not final, then the Civil Service Commission Order of February 10, 1993, is affirmed." After the court filed findings of facts and conclusions of law, Kirkwood perfected this appeal.

## THE COURT'S FINDINGS

■ The facts underlying the disciplinary proceeding are not disputed. The parties stipulated to the facts concerning Kirkwood's employment status and the suspension proceedings, and the court adopted the stipulation as its findings of fact. The court adopted four conclusions of law: (1) that the commission's December 31 order was valid because (a) it determined that Kirkwood had violated departmental rules, (b) it temporarily suspended him as authorized by law, and (c) the commission had the authority to condition its grant of a temporary suspension on

---

1. Under the statute, an indefinite suspension is equivalent to a dismissal. Tex.Loc.Gov't Code Ann. § 143.052(b). The factual basis for the disciplinary action is not contested and will not be discussed.

Kirkwood's acceptance of a demotion; (2) that because Kirkwood did not accept the demotion, the commission was authorized in imposing the indefinite suspension; (3) alternatively, if the December 31 order is not valid, then the February 10 order is valid because (a) the court had authority to remand the proceedings to the commission for modification and (b) the statute does not prohibit a remand; and (4) the commission acted within its authority when it modified its decision to an indefinite suspension. Kirkwood attacks these conclusions. We review conclusions of law *de novo* as legal questions. *See Nelkin v. Panzer*, 833 S.W.2d 267, 268 (Tex.App.—Houston [1st Dist.] 1992, writ dism'd w.o.j.).

## THE REMAND AND THE SECOND COMMISSION ORDER

In point six, Kirkwood contends that the December 31 order of the commission was an appealable order and that the court should not have remanded the proceeding. His seventh and eighth points assert that the commission's authority expired 30 days after he filed his appeal with the commission and, thus, the second commission order was invalid. In point five, he contends that the court erred in finding that the second order was valid.

■ In a per curiam opinion in *Horrocks v. City of Grand Prairie*, the Supreme Court reiterated its holding that "any decision of a Civil Service Commission concerning a suspension is appealable to the district court." *See Horrocks v. City of Grand Prairie*, 704

S.W.2d 17, 17 (Tex.1986) (citing *Patton v. City of Grand Prairie*, 686 S.W.2d 108 (Tex. 1985)). Thus, the court was not justified in finding that the December 31 order was not final or in remanding the proceeding to the commission for another decision.[2]

■ The commission's second hearing was held and the order was issued more than thirty days after the date that the commission received Kirkwood's notice of appeal, after its jurisdiction had expired. *See* Tex. Loc.Gov't Code Ann. § 143.053(b); *City of Texarkana v. Fincher*, 657 S.W.2d 842, 843 (Tex.App.—Texarkana 1983, writ ref'd n.r.e.) (citing *Todd v. City of Houston*, 508 S.W.2d 140, 141 (Tex.Civ.App.—Houston [1st Dist.] 1974, writ ref'd n.r.e.)). Both the predecessor statute—article 1269m, section 16, under which *Fincher* and *Todd* were decided—and section 143.053 of the Local Government Code require that the commission "hold a hearing and render a decision in writing within [thirty] 30 days after the date it receives [said] notice of appeal."[3] *See id.*

The city argues that disallowing remand and further action by the commission "belies common sense." We believe that the legislature has adopted a workable procedure that requires the commission to render a written decision within the parameters of chapter 143 within thirty days, allows the commission's decision to be appealed to the district court, then allows the district court to review the commission's decision. *See* §§ 143.015, 143.-053(b). This interpretation of the procedure carries out the public policy expressed in chapter 143; it promotes a just and reason-

---

**2.** The cases that the City relies on—*City of Houston v. Turner*, 355 S.W.2d 263 (Tex.Civ.App.—Houston 1962, no writ), and *Allen v. Crane*, 257 S.W.2d 357 (Tex.Civ.App.—San Antonio 1953, writ ref'd n.r.e.)—were decisions that dismissed appeals to the trial court because commission orders were not final. As noted, *Horrocks* makes it clear that any decision concerning a suspension is appealable; thus the precedential value of *Turner* and *Crane* may be questioned on the necessity of a "final order." *Horrocks v. City of Grand Prairie*, 704 S.W.2d 17 (Tex.1986).

**3.** Just as *Allen v. Crane* may be questioned on the necessity of a "final order," the decision in Crane's second appeal in *City of San Antonio v. Crane*, 265 S.W.2d 124 (Tex.Civ.App.—San Antonio 1954, no writ), giving apparent approval to

the commission's amended order issued after expiration of the thirty-day period may be questioned on three grounds. First, the court described the period as "not jurisdictional," whereas other courts have held it to be jurisdictional. Second, the decision was prior to the Supreme Court's clarification in *Horrocks* that any order concerning a suspension is appealable to the district court; thus action by the commission was necessary to make a non-final order final. Third, the court acknowledges that it invited the commission to act. We note that the Texarkana Court states in *Fincher* that *Skates v. City of Paris*, 363 S.W.2d 425 (Tex.1963), overruled *Crane*. *See City of Texarkana v. Fincher*, 657 S.W.2d 842, 843 (Tex.App.—Texarkana 1983, writ ref'd n.r.e.).

able result and is feasible to carry out. *See* TEX.GOV'T CODE ANN. § 311.021(3), (4), (5) (Vernon 1988).

Because the court erroneously concluded that it had authority to remand the proceeding to the commission and that the commission acted within its authority in holding an additional hearing and issuing the second order, we sustain points five, six, seven, and eight.

## THE INITIAL COMMISSION ORDER

■ We will review the commission's December 31, 1992, order under Kirkwood's points one through four, which essentially assert that the court erred in concluding that the commission had the authority to place him on probation and impose conditions incident to its decision to temporarily suspend him. His brief states:

> It is Kirkwood's position herein that, because probation periods and demotions are not specifically enumerated as acts within the authority of the Civil Service Commission in § 143.053, but are specifically dealt with in other sections of Chapter 143 (namely §§ 143.027 and 143.054), the Civil Service Commission had no authority to impose, "as a condition of (Kirkwood's) temporary suspension," a probation period of one year, which included a demotion.

The parties have directed us to no authority that conclusively decides this question one way or the other.

Section 143.053(e) authorizes a commission hearing a police officer's appeal from a suspension to do one of three things: (1) permanently dismiss the officer from the department; (2) temporarily suspend the officer from the department; or (3) restore the officer to his or her former position or status in the department's classified service. TEX.LOC. GOV'T CODE ANN. § 143.053(e). A commission may also reduce a period of suspension. *Id.* § 143.053(f). The legislature has made no other options available.

We find ourselves in the same position as that occupied by the First Court of Appeals twenty years ago when it said about the thirty-day requirement of the statute: "The validity of this statutory provision is not under attack and it is not ambiguous. It is our duty to follow it." *See Todd,* 508 S.W.2d at 141. Although the commission's December 31 order temporarily suspending Kirkwood complies with the statute, that portion of the order purporting to place Kirkwood on probation and providing conditions for the period of probation finds no support in the statute;[4] thus, we cannot uphold it. *See id.* § 143.053. We sustain points one through four.

## REMEDIES

Kirkwood has not been on duty at the Corsicana Police Department since November 25, 1992. He has not been employed by the Department since January 14, 1993. His pleadings sought reinstatement and lost wages and benefits. *See id.* § 143.015(b). His brief in this court prays that he be "reinstated to the rank of Captain in the Corsicana Police Department, [awarded] back pay from November 25, 1992 through date of reinstatement, [awarded] attorney's fees, and ... such other relief to which he may be entitled."

Because we have sustained points asserting that the probationary conditions of the commission's first order were impermissible, that the court had no authority to remand the proceedings, and that the commission had no jurisdiction to enter its second order, we are left with that portion of the December 31 order temporarily suspending Kirkwood from November 25 through December 31, 1992. We conclude that he is entitled to be reinstated to his former position as a Captain of the department as of the end of the suspension period, January 1, 1993. *See id.*

The record reflects that the Chief of Police suspended Kirkwood without pay, and the commission's order provides that its tempo-

---

4. Among the considerations that suggest that probationary periods are not authorized is the absence of any mechanism in the statute to administer them after the commission's jurisdiction expires. For example, who was going to decide if Kirkwood was "involved in exhibitions of poor judgment in any similar situations" during the probationary year? What was the sanction if he were so involved?

rary suspension was without pay. Thus, we order that he be awarded back pay from January 1, 1993, until he is actually reinstated. We will remand the cause to the trial court for determination of the amount of back pay to which Kirkwood is entitled. *See id.* § 143.015(d).

## ATTORNEY'S FEES

Kirkwood's ninth and final point is that, because he is entitled to have a judgment rendered in his favor, the court also erred in not awarding him attorney's fees. He seeks the award on appeal or, alternatively, a remand for a determination by the trial court of his entitlement to and amount of attorney's fees. We agree with this contention. Kirkwood will be the prevailing party under the judgment to be entered by the trial court on remand, and we believe that he should be awarded reasonable attorney's fees. *See id.* § 143.015(c). Point nine is sustained. Because we have determined that a remand is required for the court to determine the amount of back pay that Kirkwood should be awarded, we will also remand the question of the amount of reasonable attorney's fees to be awarded.

## CONCLUSION

Having determined that Kirkwood is entitled to be reinstated and to an award of back pay and attorney's fees, we reverse the judgment and remand the cause to the trial court for further proceedings consistent with this opinion.