**CITY OF TEXARKANA, Texas, Civil Service Commission, Appellant and Cross-Appellee,**

v.

**Billy G. FINCHER, Appellee and Cross-Appellant.**

**No. 9124.**

Court of Appeals of Texas, Texarkana.

June 21, 1983.

Rehearing Denied Aug. 23, 1983.

---

Jim Gallman, City Atty., Texarkana, for appellant and cross-appellee.

M. Mark Lesher, Texarkana, for appellee and cross-appellant.

## PER CURIAM.

The City of Texarkana appeals a district court ruling which ordered Billy G. Fincher reinstated as a police officer.

The chief of police notified Fincher by letter that he was indefinitely suspended from the department. Fincher appealed to the Civil Service Commission which held a hearing and rendered a decision approving the suspension. Fincher appealed to the district court and then to the court of appeals claiming the Commission's decision was void because it did not state whether he was permanently or temporarily suspended. This Court dismissed the appeal because the Commission's order was not a final one. Article 1269m, § 16, Tex.Rev. Civ.Stat.Ann. (Vernon 1963); *Fincher v. City of Texarkana,* 598 S.W.2d 22 (Tex.Civ. App.—Texarkana 1980, writ ref'd n.r.e.). The Commission then entered an amended order, entitled "Order Nunc Pro Tunc", which met the formal requirements of the statute and was final. Fincher then appealed to the district court claiming that order was void because it was entered more than thirty days after his original notice of appeal. The district court agreed and reversed the Commission's order, and ordered that Fincher be reinstated and awarded $11,365.73 in back pay. In this appeal, the City argues that the thirty day limit required by the statute for entry of the Commission's order is not mandatory and jurisdictional, but directional. Fincher cross-appeals claiming the trial court erred in applying the doctrine of mitigation of damages to his lost wages. We hold the thirty day limit set by the statute is jurisdictional and that the trial court did not err in reducing Fincher's recovery.

Tex.Rev.Civ.Stat.Ann. art. 1269m, § 16 (Vernon 1963), provides that:

"The Commission shall hold a hearing and render a decision in writing within thirty (30) days after it receives said notice of appeal (from a letter of suspension)." (Parenthesis supplied).

We believe the Texas decisions and the express language of the statute make it clear that both the hearing must be held and the written decision rendered within the thirty day period, and that the order cannot be amended after that time to supply the necessary findings. *Skates v. City of Paris,* 363 S.W.2d 425 (Tex.1963); *Todd v. City of Houston,* 508 S.W.2d 140, 141 (Tex.Civ.App.—Houston [1st Dist.] 1974, writ ref'd n.r.e.); Tex.Rev.Civ.Stat.Ann. art. 1269m, § 16 (Vernon 1963). We read the *Skates* decision as overruling *City of San Antonio v. Crane,* 265 S.W.2d 124 (Tex. Civ.App.—San Antonio 1954, no writ), which held the time limit was not jurisdictional.

Fincher assigns a cross-point complaining that the trial court erred in reducing his back pay by amounts he earned working at the Summerhill Skating Rink and Red River Arsenal after his suspension. He contends Section 18 of Article 1269m, provides for his recovery, and that because it states "the court *shall* order the City to pay lost wages" (emphasis added), no offset is permissible. Section 18 is silent as to mitigation. Section 16, effective at the time Section 18 was added, provides that a wrongfully suspended employee shall be fully compensated. A reading of Section 18 with Section 16 convinces us that the legislature intended to do no more than compensate the employee. The doctrine of mitigation of damages is applicable to computing lost wages under Article 1269m. *See City of Wichita Falls v. Cox,* 300 S.W.2d 317, 321 (Tex.Civ.App.—Fort Worth 1957, writ ref'd

n.r.e.); *City of San Antonio v. Castillo,* 293 S.W.2d 691, 696 (Tex.Civ.App.—San Antonio 1956, writ ref'd n.r.e.).

Fincher further complains he should be awarded health coverage benefits he would have received had he not been suspended. He failed to plead or request such recovery and therefore waived it. *Greater Ft. Worth and Tarrant County v. Mims,* 627 S.W.2d 149, 150–151 (Tex.1982).

The judgment of the district court is affirmed.