TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-07-00630-CV






City of Temple, Texas, Appellant


v.


Steven Taylor, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT

NO. 216,776-B, HONORABLE RICK MORRIS, JUDGE PRESIDING





O P I N I O N



 The City of Temple appeals from a summary judgment granted in favor of
Steven Taylor regarding the computation of Taylor's back-pay award under the Fire Fighters' and
Police Officers' Civil Service Act ("the Civil Service Act"). See Tex. Loc. Gov't Code Ann.
§§ 143.001-.363 (West 2007). Taylor filed suit seeking a declaratory judgment that he was entitled
to the full amount of back pay incurred during the time he was suspended from employment with
the City's police department. Both parties filed motions for summary judgment, and the trial court
granted Taylor's motion, declaring that the City must pay the full amount of wages for the period of
Taylor's suspension without reduction for compensation he earned from other sources. The City
appeals, arguing that the trial court's order results in an improper windfall recovery for Taylor. 
Because we have determined that Taylor's back-pay award must be reduced by the amount of
compensation earned from other sources during the period of suspension, we reverse the judgment
of the trial court to the extent that it prohibits the City from offsetting the award with outside income.


BACKGROUND

 On June 27, 2005, Taylor was indefinitely suspended from his employment with the
City as a police officer. Taylor appealed the suspension under the Civil Service Act, which the City
has adopted for members of its police and fire departments. (1) See id. §§ 143.004, .053. After a
hearing before a third-party hearing examiner, see id. § 143.057(a), the hearing examiner reduced
Taylor's suspension to fifteen days and ordered that Taylor be reinstated to the police force. Taylor
requested that the City pay him compensation for the period of suspension, less the fifteen days
upheld by the hearing examiner, pursuant to section 143.0539(f) of the Civil Service Act. In
response, the City requested an accounting of Taylor's earnings from other sources during the time
of his suspension, in order to reduce the back-pay award by the amount of any such compensation. 
Taylor refused, filing suit to seek a declaratory judgment and mandamus relief requiring the City to
pay him the full amount of back pay incurred during his suspension without a reduction for earnings
from other sources. The trial court granted summary judgment in favor of Taylor, declaring that the
City was required to pay him the full compensation for time lost during the suspension without
offsets for outside earnings. The trial court also granted Taylor's request for attorney's fees, which
the City does not challenge on appeal. 

 The parties agree that the full compensation Taylor would have earned during the
suspension, after deducting compensation for the 15-day period of unpaid suspension, is $32,405.35. 
The parties also agree that Taylor earned $15,119.40 from other sources during his suspension. In
its sole issue on appeal, the City argues that Taylor's back-pay award under the Civil Service Act
should be reduced by the amount he earned from other sources, so that Taylor is only entitled to an
award of $17,285.95, while Taylor argues that he is entitled to the full amount of $32,405.35. The
City has not yet paid Taylor any amount toward the compensation that he is entitled to receive under
the Civil Service Act.


STANDARD OF REVIEW

 Summary judgments are reviewed de novo. Valence Operating Co. v. Dorsett,
164 S.W.3d 656, 661 (Tex. 2005). When both parties move for summary judgment on the same
issues and the trial court grants one motion and denies the other, the appellate court considers the
summary-judgment evidence presented by both sides, determines all questions presented, and if the
reviewing court finds that the trial court erred, renders the judgment the trial court should
have rendered. Id.

 The facts of this case are undisputed and the sole issue on appeal is a matter of
statutory construction. Statutory construction is a legal question that we review de novo,
ascertaining and giving effect to the legislature's intent as expressed by the plain and common
meaning of the statute's words. State v. Shumake, 199 S.W.3d 279, 284 (Tex. 2006). We must read
the statute as a whole, rather than just isolated portions, giving meaning to the language that is
consistent with other provisions in the statute. Dallas County Cmty. Coll. Dist. v. Bolton,
185 S.W.3d 868, 872-73 (Tex. 2005); Texas Dep't of Transp. v. City of Sunset Valley, 146 S.W.3d
637, 642 (Tex. 2004).


DISCUSSION

 The Civil Service Act allows a fire fighter or police officer who has been suspended
for disciplinary reasons to appeal the suspension to the Fire Fighters' and Police Officers' Civil
Service Commission. (2) See Tex. Loc. Gov't Code Ann. §§ 143.003(1), .053. If the Commission
finds, as it did in the present case, that the period of suspension should be reduced, it may order a
reduction in the period of suspension and restore the employee to the position or class of service
from which he was suspended. Id. § 143.053(f). A fire fighter or police officer who is restored to
his position or class of service is also entitled to "full compensation for the actual time lost as a result
of the suspension at the rate of pay provided for the position or class of service from which the
person was suspended." Id. § 143.053(f)(1). Because Taylor's appeal resulted in a reduced
suspension and reinstatement to the position from which he was suspended, he qualified for a back-pay award under section 143.053(f). (3) 

 The Civil Service Act does not specifically address whether back-pay awards under
section 143.053(f) are to be offset by income earned from other sources during the suspension, but
merely states that the officer is "entitled to . . . full compensation" for the time lost. See id. Taylor,
citing City of Waco v. Bittle, 167 S.W.3d 20 (Tex. App.--Waco 2005, pet. denied), argues that the
phrase "entitled to" necessarily creates a right to the full back-pay amount without offsets. However,
the court in Bittle did not reach the issue of offsets for outside earnings, holding only that once a
suspended fire fighter or police officer has been reinstated, the Commission does not have
jurisdiction to determine that a reinstated employee is entitled to anything less than the full amount
of an award under the Civil Service Act. (4) Id. at 30 ("the [C]ommission does not have exclusive
jurisdiction to determine whether a reinstated firefighter or police officer is entitled to compensation
and benefits under subsection (f) or the amount of such compensation and benefits"). Contrary to
Taylor's assertions, Bittle does not dictate how an award of full compensation is to be calculated,
holding only that a reinstated officer has a statutory right to such an award. 

 Significantly, however, the court in Bittle also states, "The purpose of subsection (f)
is to restore a firefighter or police officer who has been improperly suspended to the position (5) he
would have occupied had the suspension not occurred." The parties agree that if Taylor's suspension
had not occurred, his earnings during that time would have been $32,405.35. A back-pay award of
$32,405.35, when coupled with the $15,119.40 Taylor earned from outside sources, would not
restore Taylor to the position he would have occupied had the suspension not occurred, but would
instead result in a windfall recovery that violates the purpose of subsection (f) as described by the
court in Bittle.

 In City of Texarkana v. Fincher, 657 S.W.2d 842, 843 (Tex. App.--Texarkana 1983,
writ ref'd n.r.e.), the court interpreted the predecessor to section 143.053 to address facts similar to
the present case, where the appellant argued that the trial court erred in reducing his back-pay award
under the Civil Service Act by amounts earned from other sources during his suspension. The court
of appeals affirmed the reduction, stating:


[Appellant] contends Section 18 of Article 1269m[] provides for his recovery, and
that because it states, "the court shall order the City to pay lost wages" . . . , no offset
is permissible. Section 18 is silent as to mitigation. Section 16, effective at the time
Section 18 was added, provides that a wrongfully suspended employee shall be fully
compensated. A reading of Section 18 with Section 16 convinces us that the
legislature intended to do no more than compensate the employee. The doctrine of
mitigation of damages is applicable to computing lost wages under Article 1369m.



Id. 

 Like the predecessor statute described in Fincher, section 143.053(f) provides that
a wrongfully suspended employee shall be fully compensated, but remains silent on the issue of
mitigation. We agree with the Fincher court that the legislature, in enacting the Civil Service Act,
"intended to do no more than compensate the employee." Id. (6) As a result, we hold that a
calculation of "full compensation" under section 143.053(f) necessarily includes offsets for income
earned from other sources during the period of suspension. 

 Our holding today is consistent with the general rule of employment law requiring
wrongfully terminated employees to mitigate damages. (7) See, e.g., Gulf Consol. Int'l v. Murphy 
658 S.W.2d 565, 566 (Tex. 1983) ("The correct measure of damages for wrongful discharge of an
employee is the present cash value of the contract if it had not been breached, less any amounts that
the employee should . . . be able to earn through other employment."); Greater Fort Worth
& Tarrant County Cmty. Action Agency v. Mims, 627 S.W.2d 149, 151 (Tex. 1982) (in proving
damages for wrongful discharge, "any income actually earned during the period in question was
properly admissible as rebuttal evidence"); Smith v. Hamilton, 237 S.W.2d 774, 777
(Tex. Civ. App.--Austin 1951, no writ) ("By the weight of Texas authority, . . . the measure of
recovery is the profits that would have been earned under the contract, less what the employee earned
in other employment . . . ."). This doctrine of mitigation of damages was applied to a police officer's
claim for lost wages resulting from an improper suspension in City of Laredo v. Rodriguez,
791 S.W.2d 567 (Tex. App.--San Antonio 1990, writ denied), although the back-pay award
provided by the Civil Service Act was not at issue. Comparing an indefinite suspension to a
wrongful termination, the court stated, "In a wrongful discharge from employment case, the rule is
that a discharged employee must use reasonable diligence to mitigate his damages by seeking other
employment." Rodriguez, 791 S.W.2d at 571. 

 The general rule that a wrongfully terminated employee's back-pay award should be
reduced by the amount of any interim earnings is similarly reflected in federal case law. See, e.g.,
Heinrich Motors, Inc. v. National Labor Relations Bd., 403 F.2d 145, 148 (2d Cir. 1968) ("The
general rule in back pay cases is that a wrongfully discharged employee is entitled to the
difference between what he would have earned but for the wrongful discharge and his actual
interim earnings from the time of discharge until he is offered reinstatement."); Florence Printing
Co. v. National Labor Relations Bd., 376 F.2d 216, 219 (4th Cir. 1967) (describing the "common
law 'loss of earnings' rule, under which the measure of an employee's recovery is the earnings which
he has lost, less any other earnings which he has obtained or wilfully refused to obtain"). 

 In light of Fincher and the general rule that a wrongfully discharged employee is
entitled to no more and no less than "compensation for the loss he has sustained," Smith, 237 S.W.2d
at 777, we hold that an award of "full compensation" under section 143.053(f) of the local
government code should be offset by income earned from outside sources during the
period of suspension.

 The City does not raise a point of error on appeal regarding the award of attorney's
fees to Taylor. In a declaratory-judgment action, a party need not prevail on its claim in order to be
entitled to an attorney's-fee award. See Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (West 2007)
(in declaratory judgment action, "the court may award costs and reasonable and necessary attorney's
fees as are equitable and just"); Barshop v. Medina County Underwater Conservation Dist.,
925 S.W.2d 618, 637 (Tex. 1996); Neeley v. West Orange-Cove Consol. Indep. Sch. Dist.,
228 S.W.3d 864, 866 (Tex. App.--Austin 2007, pet. denied). Furthermore, reversal of a trial court's
decision on a declaratory judgment does not necessarily require reversal of an award of
attorney's fees to the party who prevailed in the trial court. See Sava Gumarska v. Advanced
Polymer Sci., Inc., 128 S.W.3d 304, 324 (Tex. App.--Dallas 2004, no pet.) (holding that while court
of appeals may remand attorney's-fee award for reconsideration when declaratory judgment is
reversed, "[w]e are not required to do so"); see also Vincent v. Bank of America, N.A., 109 S.W.3d
856, 864 (Tex. App.--Dallas 2003, pet. denied) (stating that reversal of declaratory judgment does
not require reversal of attorney's-fee award where complaining party fails to establish that trial court
abused its discretion in granting award). 

 A trial court's grant or denial of attorney's fees in a declaratory-judgment action need
not be reversed on appeal "unless the complaining party clearly shows the trial court abused its
discretion." State Farm Lloyds v. Borum, 53 S.W.3d 877, 893-94 (Tex. App.--Dallas 2001,
pet. denied). In the present case, the City has not only failed to demonstrate that the trial court
abused its discretion, but has asserted no point of error on appeal challenging the award of attorney's
fees and therefore has waived all complaints in this regard. See State v. Biggar, 873 S.W.2d 11, 14
(Tex. 1994). 


CONCLUSION

 Because we have determined that Taylor's back-pay award under the Civil Service
Act was subject to a reduction for income earned from other sources during the period of suspension,
we reverse the trial court's order to the extent it declares that (1) the City failed to comply with
section 143.053(f) of the local government code and (2) Taylor is entitled to mandamus relief
requiring the City to pay him a total sum of $32,405.35, and we render judgment that Taylor is
entitled to mandamus relief requiring the City to pay him a total sum of $17,285.95, representing
offsets for income earned from outside sources. We affirm the remainder of the trial
court's judgment.


 __________________________________________

 Diane M. Henson, Justice

Before Justices Patterson, Puryear and Henson

Affirmed in part; Reversed and Rendered in part 

Filed: August 27, 2008
1. The City stated in its responses to interrogatories that a local election to adopt the
Civil Service Act was held on January 30, 1948. See Tex. Loc. Gov't Code Ann. § 143.004
(West 2007). 
2. Section 143.053 applies only to municipalities with a population of less than 1.5 million. 
The parties agree that the City of Temple falls into this category. 
3. Under the Civil Service Act, a suspended fire fighter or police officer may elect to appeal
to "an independent third party hearing examiner," rather than the Commission, as Taylor did in the
present case. See id. § 143.057(a) (West 2007). When such an election is made, "the hearing
examiner has the same duties and powers as the [C]ommission." Id. § 143.057(f).
4. While the City of Waco argued in Bittle that offsets should be awarded "for Bittle's interim
earnings from other sources," the court did not address this issue because it held that the City was
entitled to offset the back-pay award with benefits Bittle received during his suspension, and the total
offset amount for such benefits actually exceeded the back-pay award. City of Waco v. Bittle,
167 S.W.3d 20, 30-32 (Tex. App.--Waco 2005, pet. denied).
5. Because the Bittle court makes this statement in the context of allowing the City to offset
the appellant's back-pay award with benefits received during the suspension, we read the word
"position" to refer to the employee's compensation and benefits, rather than merely rank or class of
service. See id. at 31. 
6. See City of Waco v. Kelley, 226 S.W.3d 672, 677 (Tex. App.--Waco 2007, pet. granted)
("Although the Legislature did not retain the same language when it codified the provisions of the
Civil Service Act in the Local Government Code, no substantive change was intended thereby."). 

7. We note that our holding is limited to the facts of this case, recognizing the common
practice of police officers to engage in off-duty law enforcement employment. As Taylor points out
in his brief, such off-duty employment generally must be authorized by the department. See
Corbitt v. City of Temple, 941 S.W.2d 354, 355 (Tex. App.--Austin 1997, writ denied) ("Under the
rules and policies of the Temple Police Department, the Chief of Police . . . has discretion to grant
or deny an officer permission to engage in off-duty employment that requires an officer to wear a
police uniform and represent the police department."). In situations where an officer held part-time
employment prior to a suspension, a back-pay award under the Civil Service Act may not necessarily
require reduction for income earned at the same part-time employment during the suspension. 


 Federal employment law suggests, for example, that the doctrine of mitigation of damages
does not require an employee's back-pay award to be reduced by amounts earned from a part-time
job that the employee held prior to being wrongfully terminated. See National Labor Relations Bd.
v. Miami Coca-Cola Bottling Co., 360 F.2d 569, 573-74 (5th Cir. 1966) (permitting "non-deduction
of supplemental earnings . . . where an employee who had spare-time earnings prior to discharge
from his regular job continued in the same spare-time job during his period of discharge," and further
holding that as long as employee was "moonlighting before his unlawful discharge," amounts earned
in any "spare time employment" should not be used to reduce back-pay award).