# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON MOTION FOR REHEARING

## NO. 03-07-00630-CV

**City of Temple, Texas, Appellant**

**v.**

**Steven Taylor, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT
### NO. 216,776-B, HONORABLE RICK MORRIS, JUDGE PRESIDING

## O P I N I O N

We overrule Taylor's motion for rehearing, withdraw our opinion and judgment issued August 27, 2008, and substitute the following in its place.

The City of Temple appeals from a summary judgment granted in favor of Steven Taylor regarding the computation of Taylor's back-pay award under the Fire Fighters' and Police Officers' Civil Service Act ("the Civil Service Act"). *See* Tex. Loc. Gov't Code Ann. §§ 143.001-.363 (West 2007). Taylor filed suit seeking a declaratory judgment that he was entitled to the full amount of back pay incurred during the time he was suspended from employment with the City's police department. Both parties filed motions for summary judgment, and the trial court granted Taylor's motion, declaring that the City must pay the full amount of wages for the period of Taylor's suspension without reduction for compensation he earned from other sources. The City

appeals, arguing that the trial court's order results in an improper windfall recovery for Taylor. Because we have determined that Taylor's back-pay award must be reduced by the amount of compensation earned from other sources during the period of suspension, we reverse the judgment of the trial court to the extent that it prohibits the City from offsetting the award with outside income.

## BACKGROUND

On June 27, 2005, Taylor was indefinitely suspended from his employment with the City as a police officer. Taylor appealed the suspension under the Civil Service Act, which the City has adopted for members of its police and fire departments.[1] *See id.* §§ 143.004, .053. After a hearing before a third-party hearing examiner, *see id.* § 143.057(a), the hearing examiner reduced Taylor's suspension to fifteen days and ordered that Taylor be reinstated to the police force. Taylor requested that the City pay him compensation for the period of suspension, less the fifteen days upheld by the hearing examiner, pursuant to section 143.0539(f) of the Civil Service Act. In response, the City requested an accounting of Taylor's earnings from other sources during the time of his suspension, in order to reduce the back-pay award by the amount of any such compensation. Taylor refused, filing suit to seek a declaratory judgment and mandamus relief requiring the City to pay him the full amount of back pay incurred during his suspension without a reduction for earnings from other sources. The trial court granted summary judgment in favor of Taylor, declaring that the City was required to pay him the full compensation for time lost during the suspension without

---

[1] The City stated in its responses to interrogatories that a local election to adopt the Civil Service Act was held on January 30, 1948. *See* Tex. Loc. Gov't Code Ann. § 143.004 (West 2007).

2

offsets for outside earnings. The trial court also granted Taylor's request for attorney's fees, which the City does not challenge on appeal.

The parties agree that the full compensation Taylor would have earned during the suspension, after deducting compensation for the 15-day period of unpaid suspension, is $32,405.35. The parties also agree that Taylor earned $15,119.40 from other sources during his suspension. In its sole issue on appeal, the City argues that Taylor's back-pay award under the Civil Service Act should be reduced by the amount he earned from other sources, so that Taylor is only entitled to an award of $17,285.95, while Taylor argues that he is entitled to the full amount of $32,405.35. The City has not yet paid Taylor any amount toward the compensation that he is entitled to receive under the Civil Service Act.

## STANDARD OF REVIEW

Summary judgments are reviewed de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). When both parties move for summary judgment on the same issues and the trial court grants one motion and denies the other, the appellate court considers the summary-judgment evidence presented by both sides, determines all questions presented, and if the reviewing court finds that the trial court erred, renders the judgment the trial court should have rendered. *Id*.

The facts of this case are undisputed and the sole issue on appeal is a matter of statutory construction. Statutory construction is a legal question that we review de novo, ascertaining and giving effect to the legislature's intent as expressed by the plain and common meaning of the statute's words. *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006). We must read

3

the statute as a whole, rather than just isolated portions, giving meaning to the language that is consistent with other provisions in the statute. *Dallas County Cmty. Coll. Dist. v. Bolton*, 185 S.W.3d 868, 872-73 (Tex. 2005); *Texas Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 642 (Tex. 2004).

## DISCUSSION

The Civil Service Act allows a fire fighter or police officer who has been suspended for disciplinary reasons to appeal the suspension to the Fire Fighters' and Police Officers' Civil Service Commission.[2] *See* Tex. Loc. Gov't Code Ann. §§ 143.003(1), .053. If the Commission finds, as it did in the present case, that the period of suspension should be reduced, it may order a reduction in the period of suspension and restore the employee to the position or class of service from which he was suspended. *Id.* § 143.053(f). A fire fighter or police officer who is restored to his position or class of service is also entitled to "full compensation for the actual time lost as a result of the suspension at the rate of pay provided for the position or class of service from which the person was suspended." *Id.* § 143.053(f)(1). Because Taylor's appeal resulted in a reduced suspension and reinstatement to the position from which he was suspended, he qualified for a back-pay award under section 143.053(f).[3]

---

[2] Section 143.053 applies only to municipalities with a population of less than 1.5 million. The parties agree that the City of Temple falls into this category.

[3] Under the Civil Service Act, a suspended fire fighter or police officer may elect to appeal to "an independent third party hearing examiner," rather than the Commission, as Taylor did in the present case. *See id.* § 143.057(a) (West 2007). When such an election is made, "the hearing examiner has the same duties and powers as the [C]ommission." *Id.* § 143.057(f).

The Civil Service Act does not specifically address whether back-pay awards under section 143.053(f) are to be offset by income earned from other sources during the suspension, but merely states that the officer is "entitled to . . . full compensation" for the time lost. *See id.* Taylor, citing *City of Waco v. Bittle*, 167 S.W.3d 20 (Tex. App.—Waco 2005, pet. denied), argues that the phrase "entitled to" necessarily creates a right to the full back-pay amount without offsets. However, the court in *Bittle* did not reach the issue of offsets for outside earnings, holding only that once a suspended fire fighter or police officer has been reinstated, the Commission does not have jurisdiction to determine that a reinstated employee is entitled to anything less than the full amount of an award under the Civil Service Act.[4] *Id.* at 30 ("the [C]ommission does not have exclusive jurisdiction to determine whether a reinstated firefighter or police officer is entitled to compensation and benefits under subsection (f) or the amount of such compensation and benefits"). Contrary to Taylor's assertions, *Bittle* does not dictate how an award of full compensation is to be calculated, holding only that a reinstated officer has a statutory right to such an award.

Significantly, however, the court in *Bittle* also states, "The purpose of subsection (f) is to restore a firefighter or police officer who has been improperly suspended to the position[5] he would have occupied had the suspension not occurred." The parties agree that if Taylor's suspension had

---

[4] While the City of Waco argued in *Bittle* that offsets should be awarded "for Bittle's interim earnings from other sources," the court did not address this issue because it held that the City was entitled to offset the back-pay award with benefits Bittle received during his suspension, and the total offset amount for such benefits actually exceeded the back-pay award. *City of Waco v. Bittle*, 167 S.W.3d 20, 30-32 (Tex. App.—Waco 2005, pet. denied).

[5] Because the *Bittle* court makes this statement in the context of allowing the City to offset the appellant's back-pay award with benefits received during the suspension, we read the word "position" to refer to the employee's compensation and benefits, rather than merely rank or class of service. *See id.* at 31.

not occurred, his earnings during that time would have been $32,405.35. A back-pay award of $32,405.35, when coupled with the $15,119.40 Taylor earned from outside sources, would not restore Taylor to the position he would have occupied had the suspension not occurred, but would instead result in a windfall recovery that violates the purpose of subsection (f) as described by the court in *Bittle*.

In *City of Texarkana v. Fincher*, 657 S.W.2d 842, 843 (Tex. App.—Texarkana 1983, writ ref'd n.r.e.), the court interpreted the predecessor to section 143.053 to address facts similar to the present case, where the appellant argued that the trial court erred in reducing his back-pay award under the Civil Service Act by amounts earned from other sources during his suspension. The court of appeals affirmed the reduction, stating:

> [Appellant] contends Section 18 of Article 1269m[] provides for his recovery, and that because it states, "the court *shall* order the City to pay lost wages" . . . , no offset is permissible. Section 18 is silent as to mitigation. Section 16, effective at the time Section 18 was added, provides that a wrongfully suspended employee shall be fully compensated. A reading of Section 18 with Section 16 convinces us that the legislature intended to do no more than compensate the employee. The doctrine of mitigation of damages is applicable to computing lost wages under Article 1369m.

*Id.*

Like the predecessor statute described in *Fincher*, section 143.053(f) provides that a wrongfully suspended employee shall be fully compensated, but remains silent on the issue of mitigation. We agree with the *Fincher* court that the legislature, in enacting the Civil Service Act, "intended to do no more than compensate the employee." *Id.*[6]   As a result, we hold that a

---

[6] *See City of Waco v. Kelley*, 226 S.W.3d 672, 677 (Tex. App.—Waco 2007, pet. granted) ("Although the Legislature did not retain the same language when it codified the provisions of the Civil Service Act in the Local Government Code, no substantive change was intended thereby.").

calculation of "full compensation" under section 143.053(f) necessarily includes offsets for income earned from other sources during the period of suspension.

Our holding today is consistent with the general rule of employment law requiring wrongfully terminated employees to mitigate damages.[7] *See, e.g., Gulf Consol. Int'l v. Murphy*, 658 S.W.2d 565, 566 (Tex. 1983) ("The correct measure of damages for wrongful discharge of an employee is the present cash value of the contract if it had not been breached, less any amounts that the employee should . . . be able to earn through other employment."); *Greater Fort Worth & Tarrant County Cmty. Action Agency v. Mims*, 627 S.W.2d 149, 151 (Tex. 1982) (in proving damages for wrongful discharge, "any income actually earned during the period in question was properly admissible as rebuttal evidence"); *Smith v. Hamilton*, 237 S.W.2d 774, 777 (Tex. Civ.

---

[7] We note that our holding is limited to the facts of this case, recognizing the common practice of police officers to engage in off-duty law enforcement employment. As Taylor points out in his brief, such off-duty employment generally must be authorized by the department. *See Corbitt v. City of Temple*, 941 S.W.2d 354, 355 (Tex. App.—Austin 1997, writ denied) ("Under the rules and policies of the Temple Police Department, the Chief of Police . . . has discretion to grant or deny an officer permission to engage in off-duty employment that requires an officer to wear a police uniform and represent the police department."). In situations where an officer held part-time employment prior to a suspension, a back-pay award under the Civil Service Act may not necessarily require reduction for income earned at the same part-time employment during the suspension.

Federal employment law suggests, for example, that the doctrine of mitigation of damages does not require an employee's back-pay award to be reduced by amounts earned from a part-time job that the employee held prior to being wrongfully terminated. *See National Labor Relations Bd. v. Miami Coca-Cola Bottling Co.*, 360 F.2d 569, 573-74 (5th Cir. 1966) (permitting "non-deduction of supplemental earnings . . . where an employee who had spare-time earnings prior to discharge from his regular job continued in the same spare-time job during his period of discharge," and further holding that as long as employee was "moonlighting before his unlawful discharge," amounts earned in *any* "spare time employment" should not be used to reduce back-pay award).

App.—Austin 1951, no writ) ("By the weight of Texas authority, . . . the measure of recovery is the profits that would have been earned under the contract, less what the employee earned in other employment . . . ."). This doctrine of mitigation of damages was applied to a police officer's claim for lost wages resulting from an improper suspension in *City of Laredo v. Rodriguez*, 791 S.W.2d 567 (Tex. App.—San Antonio 1990, writ denied), although the back-pay award provided by the Civil Service Act was not at issue. Comparing an indefinite suspension to a wrongful termination, the court stated, "In a wrongful discharge from employment case, the rule is that a discharged employee must use reasonable diligence to mitigate his damages by seeking other employment." *Rodriguez*, 791 S.W.2d at 571.

The general rule that a wrongfully terminated employee's back-pay award should be reduced by the amount of any interim earnings is similarly reflected in federal case law. *See, e.g.*, *Heinrich Motors, Inc. v. National Labor Relations Bd.*, 403 F.2d 145, 148 (2d Cir. 1968) ("The general rule in back pay cases is that a wrongfully discharged employee is entitled to the difference between what he would have earned but for the wrongful discharge and his actual interim earnings from the time of discharge until he is offered reinstatement."); *Florence Printing Co. v. National Labor Relations Bd.*, 376 F.2d 216, 219 (4th Cir. 1967) (describing the "common law 'loss of earnings' rule, under which the measure of an employee's recovery is the earnings which he has lost, less any other earnings which he has obtained or wilfully refused to obtain").

In light of *Fincher* and the general rule that a wrongfully discharged employee is entitled to no more and no less than "compensation for the loss he has sustained," *Smith*, 237 S.W.2d at 777, we hold that an award of "full compensation" under section 143.053(f) of the local

8

government code should be offset by income earned from outside sources during the period of suspension.[8]

The City does not raise a point of error on appeal regarding the award of attorney's fees to Taylor. In a declaratory-judgment action, a party need not prevail on its claim in order to be entitled to an attorney's-fee award. *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (West 2007) (in declaratory judgment action, "the court may award costs and reasonable and necessary attorney's fees as are equitable and just"); *Barshop v. Medina County Underwater Conservation Dist.*, 925 S.W.2d 618, 637 (Tex. 1996); *Neeley v. West Orange-Cove Consol. Indep. Sch. Dist.*, 228 S.W.3d 864, 866

---

[8] Taylor also argues that his back-pay award should not be reduced for interim earnings because a hearing examiner's decision is considered final and binding under section 143.057(c). *See* Tex. Loc. Gov't Code Ann. § 143.057(c). While the hearing examiner's decision is not included in the record on appeal, the City admitted in a request for admissions that "the hearing examiner ordered the City to pay plaintiff 'back pay and to restore his benefits and seniority during the time in which he was indefinitely suspended until the date of his reinstatement, minus a period of 15 days of unpaid suspension.'" A calculation of Taylor's back-pay award that includes offsets for interim earnings is not inconsistent with the hearing examiner's decision, which refers only to an award of "back pay." Furthermore, the hearing examiner had no jurisdiction to make a determination regarding the appropriate amount of Taylor's back-pay award. *See id.* § 143.053(e), (f) (providing only for decision regarding whether suspended officer should be dismissed, suspended, or restored to former position and whether and by how long suspension period should be reduced); *Bittle*, 167 S.W.3d at 30 (holding that hearing examiner had no jurisdiction to determine appropriate amount of compensation and benefits to be awarded under section 143.053).

Taylor further argues that unless a hearing examiner is permitted to make final and binding decisions regarding any appropriate offsets, there will be no recourse to resolve disputes regarding the amount of a back-pay award. We disagree. An officer who takes issue with the amount of his back-pay award may, as Taylor has done in the present case, file a declaratory action and petition for mandamus in district court. *See Bittle*, 167 S.W.3d at 23 (holding that district court had authority to grant declaratory judgment and mandamus relief in dispute over manner in which City sought to restore officer's compensation and benefits); *see also City of Round Rock v. Whiteaker*, 241 S.W.3d 609, 636 (Tex. App.—Austin 2007, pet. filed) (stating that "legislature necessarily waived governmental immunity for administrative back pay awards . . . under section 143.053(f)").

(Tex. App.—Austin 2007, pet. denied). Furthermore, reversal of a trial court's decision on a declaratory judgment does not necessarily require reversal of an award of attorney's fees to the party who prevailed in the trial court. *See Sava Gumarska v. Advanced Polymer Sci., Inc.*, 128 S.W.3d 304, 324 (Tex. App.—Dallas 2004, no pet.) (holding that while court of appeals may remand attorney's-fee award for reconsideration when declaratory judgment is reversed, "[w]e are not required to do so"); *see also Vincent v. Bank of America, N.A.*, 109 S.W.3d 856, 864 (Tex. App.—Dallas 2003, pet. denied) (stating that reversal of declaratory judgment does not require reversal of attorney's-fee award where complaining party fails to establish that trial court abused its discretion in granting award).

A trial court's grant or denial of attorney's fees in a declaratory-judgment action need not be reversed on appeal "unless the complaining party clearly shows the trial court abused its discretion." *State Farm Lloyds v. Borum*, 53 S.W.3d 877, 893-94 (Tex. App.—Dallas 2001, pet. denied). In the present case, the City has not only failed to demonstrate that the trial court abused its discretion, but has asserted no point of error on appeal challenging the award of attorney's fees and therefore has waived all complaints in this regard. *See State v. Biggar*, 873 S.W.2d 11, 14 (Tex. 1994).

**CONCLUSION**

Because we have determined that Taylor's back-pay award under the Civil Service Act was subject to a reduction for income earned from other sources during the period of suspension, we reverse the trial court's order to the extent it declares that (1) the City failed to comply with section 143.053(f) of the local government code and (2) Taylor is entitled to mandamus relief

10

requiring the City to pay him a total sum of $32,405.35, and we render judgment that Taylor is entitled to mandamus relief requiring the City to pay him a total sum of $17,285.95, representing offsets for income earned from outside sources. We affirm the remainder of the trial court's judgment.

_____

Diane M. Henson, Justice

Before Justices Patterson, Puryear and Henson

Affirmed in Part; Reversed and Rendered in part on Motion for Rehearing

Filed: October 16, 2008

11