Opinion filed July 28, 2022



In The

# Eleventh Court of Appeals

_____

## No. 11-21-00026-CV
_____

### FABIAN SCOTT BUTLER, Appellant

### V.

### CITY OF BIG SPRING, TEXAS, Appellee

**On Appeal from the 118th District Court**
**Howard County, Texas**
**Trial Court Cause No. 54252**

## O P I N I O N

This is an appeal from a case submitted to the trial court upon an agreed statement of facts. *See* TEX. R. CIV. P. 263. Fabian Scott Butler (Appellant), a fire fighter for the City of Big Spring, was wrongfully suspended from May 1, 2015 to September 23, 2019. He apparently found alternative employment during the

suspension that resulted in total gross earnings exceeding that of his former employment.

After being reinstated as a fire fighter, Appellant filed this suit seeking back pay from the City. The trial court ultimately determined that Appellant was not entitled to such compensation and rendered a take-nothing judgment. In a single issue, Appellant contends that Section 143.053(f) of the Texas Local Government Code required the City to provide Appellant with full compensation for the periods of time during the suspension that Appellant actually earned less money than he would have earned as a fire fighter. *See* TEX. LOC. GOV'T CODE ANN. § 143.053(f) (West 2008). Appellant argues that the trial court erred when it determined the means of calculating the back pay he was owed. We agree and, therefore, reverse the judgment of the trial court.

*Factual and Procedural History*

Appellant was indefinitely suspended from the Big Spring Fire Department on April 17, 2015. Appellant was retroactively reinstated to employment with the fire department on September 23, 2019, with his reinstatement date effective May 1, 2015. At some point after the four-year suspension began, and before his reinstatement, Appellant found other employment and, overall, earned more in wages, salary, and unemployment compensation benefits than he would have earned working for the Big Spring Fire Department. The parties do not dispute that Appellant was required to mitigate damages and that the City is entitled to some credit from back-pay liability for Appellant's interim earnings.

The sole dispute is how back pay should be calculated from May 1, 2015, to September 22, 2019 (the reinstatement period). Appellant argues that he is due back pay for the pay periods when he diligently attempted to mitigate his damages but earned less than he would have earned while working for the City. Appellant agrees

2

that, during other periods when he was making more than he had made as a fire fighter for the City, back pay would be offset by earnings through other employment. Thus, Appellant concedes that back pay would not be owed for a pay period in which Appellant earned more during his suspension than he would have earned working for the City. The City argues that it should not be required to pay any back pay, as that would be a "windfall" for Appellant, who, in gross amounts, earned more over the four-year suspension period from other employment than he would have earned working for the City.

*Standard of Review*

When a case is submitted on an agreed statement of facts under Rule 263, the trial court's judgment "must declare only the law necessarily arising from the stipulated facts." *Chiles v. Chubb Lloyds Ins. Co.*, 858 S.W.2d 633, 634–35 (Tex. App.—Houston [1st Dist.] 1993, writ denied) (citing *Unauthorized Practice of Law Comm. v. Jansen*, 816 S.W.2d 813, 814 (Tex. App.—Houston [14th Dist.] 1991, writ denied)). "The question on appeal is limited to the issue of the correctness of the trial court's application of the law to the admitted facts." *Id.* Here, the question we must resolve is whether the trial court correctly interpreted and applied the applicable statute when it concluded that Appellant was not entitled to any back pay.

We review questions of statutory interpretation de novo, as they are questions of law. *See Youngkin v. Hines*, 546 S.W.3d 675, 680 (Tex. 2018). In construing a statute, our objective is to "ascertain[] and giv[e] effect to the legislature's intent as expressed by the plain and common meaning of the statute's words." *Wichita Cnty. v. Bonnin*, 268 S.W.3d 811, 817 (Tex. App.—Fort Worth 2008, pet. denied); *see also* TEX. GOV'T CODE ANN. § 312.005 (West 2013). "If the statute is clear and unambiguous, we must read the language according to its common meaning 'without resorting to rules of construction or extrinsic aids.'" *Crosstex Energy Servs., L.P. v.*

3

*Pro Plus, Inc.*, 430 S.W.3d 384, 389 (Tex. 2014) (quoting *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006)). "It is a rule of statutory construction that every word of a statute must be presumed to have been used for a purpose. Likewise, we believe every word excluded from a statute must also be presumed to have been excluded for a purpose." *City of Richardson v. Oncor Elec. Delivery Co.*, 539 S.W.3d 252, 260 (Tex. 2018) (quoting *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 540 (Tex. 1981)). Thus, "[w]hen the Legislature employs a term in one section of a statute and excludes it in another section, the term should not be implied where excluded." *Id.* at 261 (alteration in original) (quoting *Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 659 (Tex. 1995)).

Furthermore, words that are not statutorily defined bear their common, ordinary meaning unless (1) a more precise definition is apparent from the statutory context or (2) the plain meaning yields an absurd result. *Id.* (citing *Paxton v. City of Dallas*, 509 S.W.3d 247, 256 (Tex. 2017)). "To determine a statutory term's common, ordinary meaning, we typically look first to [its] dictionary definitions . . . ." *Id.* (alterations in original) (quoting *Tex. State Bd. of Exam'rs of Marriage & Family Therapists v. Tex. Med. Ass'n*, 511 S.W.3d 28, 35 (Tex. 2017)). When an undefined statutory term has multiple common meanings, "it is not necessarily ambiguous; rather, we will apply the definition most consistent with the context of the statutory scheme." *Id.* (quoting *Sw. Royalties, Inc. v. Hegar*, 500 S.W.3d 400, 405 (Tex. 2016)). A statute is not necessarily ambiguous within the context of the statutory scheme, even though certain terms, in isolation, are subject to multiple common meanings. *Sw. Royalties, Inc.*, 500 S.W.3d at 405.

*Analysis*

Chapter 143 of the Texas Local Government Code addresses "Municipal Civil Service for Firefighters and Police Officers." Loc. Gov't ch. 143. Chapter 143

allows a fire fighter or police officer who has been suspended to appeal the suspension to the Fire Fighters' and Police Officers' Civil Service Commission (the Commission). *See id.* §§ 143.003(1), 143.053. When the Commission finds, as it did here, that the period of suspension should be reduced, it can order a reduction in the period of suspension and restore the person to their former position or class of service. *Id.* § 143.053(f).

When the employee is restored to his former position or class, he is entitled to:

> (1) full compensation for the *actual time lost* as a result of the suspension at the rate of pay provided for the position or class of service from which the person was suspended; and

> (2) restoration of or credit for any other benefits lost as a result of the suspension, including sick leave, vacation leave, and service credit in a retirement system. Standard payroll deductions, if any, for retirement and other benefits restored shall be made from the compensation paid, and the municipality shall make its standard corresponding contributions, if any, to the retirement system or other applicable benefit systems.

*Id.* (emphasis added). Appellant's appeal to the Commission resulted in a reduced suspension period without pay of fourteen days, and he was retroactively reinstated to his employment, effective May 1, 2015. As a result, Appellant is entitled to the compensation and restoration of benefits as described in Section 143.053(f). Because there is no dispute over the entitlement to "other benefits" as set out in Section 143.053(f)(2), we direct our attention to Section 143.053(f)(1).[1]

---

[1]In a document filed in the trial court and in oral argument on appeal, the City indicated that it had restored Appellant to full time employment, including health insurance benefits, had restored vacation and sick leave time, and had made plans to reestablish retirement benefits and fulfill any obligations for medical bills incurred during the reinstatement period.

Chapter 143 does not define the terms "full compensation" or "actual time." The term "full compensation" is used twice in Chapter 143: once in Section 143.053 (Appeal of Disciplinary Suspension) and once in Section 143.120 (Appeal of Indefinite Suspension). *See id.* §§ 143.053(f)(1), 143.120(d). In both instances, the code indicates that, should the suspended fire fighter or police officer be reinstated or restored to his previous position, he is entitled to full compensation "for the actual time lost." *Id.*

When a statute is clear and unambiguous, we read the language according to its plain meaning. *See Crosstex*, 430 S.W.3d at 389. Clearly, in the case of fire fighters or police officers being restored to their status prior to any suspension, the legislature intended that they be fully compensated for any time lost, including pay and additional benefits. *See* Loc. Gov't § 143.053(f). The chapter does not discuss whether such compensation should be reduced if the employee mitigates damages, nor does it include instructions on how to calculate such a reduction, if appropriate. Although some Texas courts have addressed this matter, none have provided a definite means of calculating such awards. *See City of Temple v. Taylor*, 268 S.W.3d 852 (Tex. App.—Austin 2008, pet. denied) (holding that an employee is required to mitigate and that any award should be offset by interim earnings, but limiting its holding to the facts of that case in a footnote); *City of Waco v. Bittle*, 167 S.W.3d 20 (Tex. App.—Waco 2005, pet. denied) (holding that a reinstated employee is entitled to full compensation under the law, but not addressing how to calculate such awards).

In *Taylor*, our sister court relied on *Bittle* to determine that the purpose of subsection (f) is "to restore a firefighter or police officer who has been improperly suspended to the position he would have occupied had the suspension not occurred." *Taylor*, 268 S.W.3d at 856 (footnote omitted) (quoting *Bittle*, 167 S.W.3d at 31).

The *Taylor* court determined that if the "full compensation" amount was not offset by the amount of interim earnings, the result would be a windfall recovery to the employee, violating the purpose of subsection (f). *Id.*

The approach taken by the court in *Taylor* does not adequately reflect the language of the statute, however. As we have noted, there is no mention of "mitigation" or "offset" within the terms of Section 143.053. Similarly, there is no statutory scheme outlined to apply traditional principles of mitigation or offset under the varying facts and circumstances that may result from employee suspensions.

The City argues that while Appellant was suspended, his total earnings for the four years combined exceeded his regular pay and that therefore the City now owes Appellant nothing in terms of lost compensation. But the statute requires "full compensation *for the actual time lost* as a result of the suspension." LOC. GOV'T § 143.053(f)(1) (emphasis added). "Actual" means "existing or occurring at the time." *Actual*, MERRIAM-WEBSTER'S DICTIONARY (11th ed. 2020). Instead of a lump sum calculation of wages during the entire period, the statute directs us to consider *full compensation for the actual time lost*, as it existed or occurred at the time the compensation should have been provided. *See* LOC. GOV'T § 143.053(f)(1). For example, a suspension of four years may include periods of reduced or no income at all before an employee is able to secure employment that either equals or exceeds the wages he earned from his prior employment. It may include multiple jobs of varying work, hours required, income, and skills implemented per pay period.

According to our interpretation of the statute, the compensation to be restored must be measured for the work done per pay period—"full compensation for the actual time lost." LOC. GOV'T § 143.053(f)(1). The term "for the actual time lost" is not specifically defined in the statute but "every word of a statute must be presumed to have been used for a purpose." *City of Richardson*, 539 S.W.3d at 260.

We look to the wording of subsection (f) in its entirety to determine its legislative intent. We note that the phrase "for the actual time lost" is used by the legislature in its discussion of restoring the rate of pay under (f)(1) but that it is absent under (f)(2) regarding entitlement to the restoration of benefits. Benefits are usually constant throughout periods of employment—as opposed to wages which can vary with hours worked and pay raises over time. This distinction is important for discerning the intent of the legislature. *See City of Richardson*, 539 S.W.3d at 261 ("[a] term should not be implied where excluded").

In ascertaining and giving effect to the legislature's intent as expressed by the plain and common meaning of the statute's words in a fair application to suspended employees generally, we interpret the term "for the actual time lost" to mean *during the actual time period that wages were due and were lost*. Any other interpretation can lead to absurd results. *See City of Richardson*, 539 S.W.3d at 261 (citing *Paxton*, 509 S.W.3d at 256) (regarding "absurd result[s]" in statutory construction). Manipulating the time frame in which deficits in compensation may be measured can skew whether benefits are in fact due under the statute. The statute requires compensation by pay period in which the rate of pay was lost.

To faithfully adhere to both the doctrine of mitigation and the language of the Texas statute, it is most appropriate to calculate an award of full compensation by a review of earnings and a loss of earnings per pay period. Here, Appellant is entitled to an award of back pay as authorized in Section 143.053(f)(1) to be calculated per regular pay period. In any pay period where the wages earned during suspension were less than what he would have earned in his position with the City, Appellant is entitled to the deficit. There is no offset statutorily authorized from any other pay period.

*This Court's Ruling*

We reverse the judgment of the trial court and remand the cause for further proceedings to calculate Appellant's award of back pay in a manner consistent with this opinion.

W. BRUCE WILLIAMS
JUSTICE

July 28, 2022

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.